## Case No. 16,996.

### Ex parte VON HOVEN.

[See Case No. 16,859.]

━━━

VON LIND v. The WILLIAM SLATER. See Case No. 13,382.

━━━

## Case No. 16,997.

### VON ROY v. BLACKMAN.

[3 Woods, 98.] [1]

Circuit Court, D. Louisiana. Nov. Term. 1877.

WRITS—CONCLUSIVENESS OF RETURN—MATTERS OF OPINION—SERVICE OF SUBPŒNA.

1. The return of an officer touching any fact about which he was bound to make return, is conclusive on the parties to the suit and their privies.

━━━

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

2. The return of an officer of a fact which necessarily involves an opinion, is no exception to this rule.

3. It is the duty of a court to take notice of the sufficiency of the returns of its officers.

4. A return of a subpœna in equity which declared that the subpœna had been handed to a person at the domicile of the defendant, and who resided at said domicile, the defendant being absent, is not a sufficient return of service.

5. The return, where the service is by leaving a copy of the subpœna at the dwelling-house, or usual place of abode of the defendant, must show that the copy was handed to a member of or resident in the family of the defendant.

In equity. Heard on sufficiency of plea in abatement. The plea was as follows: "Mary B. Blackman, sued herein in her representative and individual capacity, now comes into court for the sole purpose of objecting to the sufficiency and legality of the service of the process by which the complainant [Frederick Von Roy] seeks to subject this defendant to the jurisdiction of this honorable court, and this defendant says that there has been no legal or sufficient service of the subpœna, or other sufficient process to compel her to appear before this honorable court; that true it is that the marshal has returned upon the subpœna issued to this defendant herein, that he served it on the 16th day of August, 1876, by handing the same to John W. Houston, a person above the age of fourteen years, at the domicile of Mrs. Blackman, in the parish of Carroll, Louisiana, four hundred and seventy-six miles from New Orleans; that defendant avers that at the time of said pretended service, to wit, on the 16th August, 1876, her domicile and usual place of dwelling, or abode, was in Mississippi City, in Harrison county, in the state of Mississippi; that her domicile and usual place of dwelling or abode was not, on August 16, 1876, in the parish of Carroll, in the state of Louisiana; that her domicile and usual place of dwelling or abode, for the last ten years, has been in the county of Harrison, state of Mississippi; that for the same period she has had no domicile or usual place of dwelling or abode in the state of Louisiana, and this defendant avers that said return is untrue; wherefore, the defendant prays judgment of this honorable court whether she ought to be made to make appearance and further defense to the said bill of complaint, and that she be hence dismissed at the cost of complainant, and for all general and equitable relief."

E. T. Merrick, Geo. W. Race, and W. H. Foster, for complainant.

John Finney and W. S. Finney, for defendant.

BILLINGS, District Judge. The complainant has set down the plea to be argued, and the question, therefore, is upon its sufficiency in law. It is alleged that the return of the marshal is false, and that the defendant is not estopped from urging this plea.

The authorities are numerous and weighty in

support of the proposition, that in the same case the parties cannot question the return of the officer: Benn. & H. Dig. tit. "Officer," subd. 5; Id. "Return of Officers;" Lawrence v. Pond, 17 Mass. 432; Com. Dig. tit. "Return," F, 2; Barr v. Satchwell, 2 Strange, 813; 2 Phil. Ev. (Ed. 1859, Cowan & Hill's Notes) 370; 3 Bouv. Inst. 190, § 2795; Cow. Treat. 335, art. 867; Goubot v. De Crouy, 1 Cromp. & M. 773; Putnam v. Man, 3 Wend. 202; Case v. Redfield, 7 Wend. 399; Evans v. Parker, 20 Wend. 622. I have endeavored to find cases which would support the proposition urged by the defendant, that where a fact involving an opinion was returned by the sheriff, there might be an exception to the rule that the return could not be denied. But the principle seems to be settled, that as to parties and privies, the return of the sheriff, as to any fact which he was bound to return, is conclusive. In Lawrence v. Pond, supra, the return was as to the qualifications of the appraisers of land taken on execution. In Goubot v. De Crouy, 1 Cromp. & M. 772, the return was "that the defendant was and yet is in the service of the Sicilian minister at the British court as a domestic servant." Busby moved to set aside the return on strong affidavits, showing fraud and collusion between the sheriff's officer and the defendant; that the defendant was in trade; that he had said he was endeavoring to get attached to the embassy; that he had been taken and collusively discharged by the officer. The court says: "We cannot interfere upon motion, your only course is by bringing an action against the sheriff for a false return." In Case v. Redfield, supra, evidence was offered that a copy of the attachment was not left at the dwelling-house, or last place of abode of the defendant, and it was excluded. In the case of Van Rensselaer v. Chadwick, 7 How. Prac. 297, the court seems to hold that the return of the sheriff is not conclusive, and may be contradicted. This would be in opposition to the other cases which I find, and they are so numerous that I have no doubt upon the subject. In the case of Earle v. McVeigh, 91 U. S. 503, I am satisfied that the decision, so far as it involves the question here presented, was based upon the ground that the impeachment of the return was in a second suit. The plea is therefore bad, since it traverses the return of the marshal in the same cause in which it is made.

The duty of the court to take notice of the return of its officers to its processes is undisputed. I shall, therefore, consider the question as to the sufficiency of this return of the marshal. The return is as follows: "Received August 10th, 1876, by the United States marshal, and on the 16th day of August, 1876, served a copy herein on Mrs. Mary B. Blackman, administratrix, individually, widow in community within named, by handing the same to John W. Houston, a person over the age of fourteen years, at the domicile of Mrs. Blackman, in the parish of Carroll, Louisiana, four hundred and seventy-six miles from New Orleans, and residing at said domicile, Mrs. Blackman being absent at the time of service." It is to be observed that the return states that the service was made by leaving a copy of it at the residence of the defendant, by handing the same to John W. Houston, who resided at said domicile. Equity rule 13 provides how service shall be made. It is as follows: "Service of all subpœnas shall be by a delivery of a copy thereof by the officer serving the same to the defendant personally, or by leaving a copy thereof at the dwelling-house, or usual place of abode of each defendant, with some adult person who is a member, or resident in the family."

This return simply shows that Houston resided at said domicile. It does not state that he was a member, or resident in the family of the defendant. I think this defect fatal. Many persons reside in the same house with others who are not members or residents in the family of that other. A paper left with a member or resident of the family of a defendant, may well be supposed, in the ordinary course of things, to reach that defendant, but the presumption would be much lessened in case the service was made upon a possible stranger to the defendant, although he lived at the same house: Gorham v. Peyton, 2 Scam. 365. In the note to Story, Eq. Pl. p. 63, there is this observation, "The court will set aside writs for defective or wrong returns on motion," and reference is made to the case of Atkinson v. Taylor, 2 Wils. 117. In the case of Jobbins v. Montague [Case No. 7,329], the subpœna was served in New Jersey. The service was claimed to be irregular and without force, and was set aside on motion. In Lawrence v. Russell, 17 Pick. 388, there was a plea in abatement to the jurisdiction. The court say, "The plea is bad, but the court will not proceed in the suit, as it does not appear that the defendants, or any estate of theirs is within the jurisdiction of the court." In Arden v. Walden, 1 Edw. Ch. 631, the proceedings were dismissed for defective service, on motion. In Tingley v. Bateman, 10 Mass. 343, the defendant pleaded an abatement to the writ, that at the time of the service of the same, and long before and ever since, the plaintiff, defendant and supposed trustee, were all inhabitants of the state of Rhode Island. The court held the plea bad, because it did not give the defendant a better writ, but upon the authority of Lawrence v. Smith, 5 Mass. 362, and upon the ground that no sufficient service was returned with which the court could proceed to adjudge between these parties, they dismissed the action.

Let the entry be that the plea be adjudged bad, and, further, that upon the ground that no sufficient service has been returned, the court orders further proceedings to be stayed, until there is further proof of service, or an appearance in the cause.