MOUNT PLEASANT CEMETERY COMPANY v. ERIE RAILROAD COMPANY AND PATERSON, NEWARK AND NEW YORK RAILROAD COMPANY.

Argued June 7, 1906—Decided November 12, 1906.

1. This court may, of its own motion, strike out improper pleadings.
2. By our Ejectment act (*Gen. Stat.*, *p.* 1282), the defendant is confined to the plea of not guilty.

On demurrer to replications.

Before Justices FORT, GARRETSON and PITNEY.

For the plaintiff, *Henry Young* and *Henry H. Dawson.*

For the defendants, *Cortlandt & Wayne Parker, Cortlandt Parker, Jr.,* and *Charles L. Corbin.*

The opinion of the court was delivered by

PITNEY, J.    This is an action of ejectment brought to recover possession of certain lands in Essex county. It was originally commenced against the Erie Railroad Company alone. The Paterson, Newark and New York Railroad Company was admitted to defend the action as landlord, pursuant to the statute (*Gen. Stat., p.* 1284, § 17), and thereupon filed a general plea of not guilty and six special pleas. To each of the special pleas the plaintiff filed replications. To three of these replications the last-named defendant has de-

murred; to the others it has rejoined. The demurrers have been brought on for argument.

This course of pleading in an action of ejectment is, we believe, quite unprecedented. We find no warrant for it, either in the common law mode of pleading in this form of action or in the mode established by our Ejectment act. *Gen. Stat., p.* 1282.

The history of the common law action of ejectment is succinctly set forth in 3 *Bl. Com., ch.* 11. As will be remembered, this form of action was devised for the purpose of enabling a lessee of lands who had been ousted of his term to recover against the ejector, in one and the same suit, both damages for the trespass and restitution of the land, instead of being obliged to seek specific restitution in the courts of equity. In order to convert the action into a method of trying titles to the freehold, resort was had to a series of fictions. A formal lease was made by the real claimant to some party who was to act as nominal plaintiff; this lessee entered and remained upon the lands until ousted either by the actual occupant or (as became more usual) by some person who by prearrangement was present for the purpose, such person being called the "casual ejector," and then the action was commenced by the nominal lessee for the benefit of the actual claimant, the defendant being ordinarily the casual ejector. The court, in the exercise of its equitable control over its own proceedings, required the plaintiff, before proceeding to recover against a casual ejector (who usually was a mere agent or confederate of the actual claimant), to give notice to the tenant in possession, so as to enable him to make defence if he wished to do so. In case defence were made, the plaintiff was required, in theory, to establish by the evidence four points, viz., title in his lessor, the making of a lease to the plaintiff, his entry under it and his ouster from possession, upon establishing which he was entitled to recover his term and damages. And finally, in order to simplify the proceedings, the court imposed terms upon the tenant in possession, upon admitting him as a defendant in the action, requiring him to enter into a rule of court (known as a

consent rule) to confess at the trial three of the four requisites for the maintenance of the plaintiff's action, viz., lease, entry and ouster, these being wholly fictitious, leaving the trial to stand upon the merits of the title only. Blackstone gives, in the appendix to his third book (*p.* viii), a form of the consent rule, which shows that the tenant in possession, upon being admitted as a defendant, was limited to the plea of not guilty.

So, in 1 *Chit. Pl.* (*13th Am. from 6th London ed.*) 192, 507, it is stated that under the terms of the consent rule the defendant was limited to the plea of the general issue, unless by special leave of the court he was permitted to plead to the jurisdiction. The only form of plea given by Chitty is "not guilty of the supposed trespass and ejectment." 3 *Id.* 1141.

By our Ejectment act (*Gen. Stat., p.* 1282), the consent rule, and all the fictions formerly used in such an action, are expressly abolished. The action is to be commenced in the name of the person claiming the premises as plaintiff, and the defendant is to be the person in possession, if the premises are occupied, or some person exercising ownership thereon or claiming title thereto, in case they are unoccupied. By sections 4 and 17 provision is made for the joinder as defendants of landlords, remaindermen, reversioners and others claiming adversely to the plaintiff. The act prescribes pleadings of the simplest sort. By section 10 it is provided that the declaration shall describe the premises claimed with certainty, shall state the time when plaintiff's right of possession accrued, may contain several counts and shall be according to one of the forms of declaration contained in the schedule appended to the act. Section 12 declares that the plea shall be according to one of the forms of pleas contained in the schedule, as the circumstances of the case may require, or to the like effect, and that under such plea the defendant may give in evidence any lawful defence to the action not inconsistent with the other provisions of the act. In the schedule there are six forms of pleas. These differ only with respect to the character of the defendant (whether tenant in possession, landlord or other adverse claimant, whether defending

jointly or separately, and whether defending for the whole or only for a part of the premises claimed). The only defensive averment prescribed by any of the forms is that the defendant "is not guilty of the injury whereof the plaintiff hath complained in his declaration."

In its fortieth section the act prescribes that after issue is joined the parties shall proceed to the trial as in other actions; that if the plaintiff appears at the trial and the defendant does not, the jury shall render a verdict of guilty against the defendant without any proof of title by the plaintiff; that if the defendant appears and the plaintiff does not, the plaintiff shall be nonsuited; and that if both parties appear the question at the trial shall be (except in special cases unnecessary to be mentioned) whether the plaintiff is entitled to recover the possession of the premises, and whether of the whole or a part, and if of part, then of which part.

Manifestly, the purpose of the act is to bring on a speedy trial of the simple issue whether plaintiff is entitled to recover the possession as against the defendant. In order to apprise each party, before trial, of his adversary's claim of title, provision is made in sections 25, 26 and 27 for the delivery of a bill of particulars to either party demanding the same.

In the case at hand, all averments in the pleadings that go beyond the forms prescribed by the statute are improper and calculated to embarrass and delay the trial of the action. They should be struck out. No motion to strike out has been made, but the power of the court in the premises is not the creature of a motion; the function of a motion is merely to invoke the exercise of the power. The striking out of pleadings that are improper, frivolous, sham or the like, is but an instance of the summary, equitable jurisdiction that courts of law have long exercised to so control their own proceedings as to prevent them from being employed as a means of working injustice. See the chapter on the "summary or equitable jurisdiction of the courts of common law," incorporated as chapter 19 of book 3, in *Stewart's Edition of*

*Blackstone's Commentaries.* See, also, *Johnston* v. *Bowers,* 40 *Vroom* 544; *Miller* v. *Barber,* 44 *Id.* 38. The power to strike out improper pleadings is inherent in the court, and is not the creature of statute. *Allen* v. *Wheeler,* 1 *Zab.* 93. And, as pointed out by Justice Van Syckel, in *Coykendale* v. *Robinson,* 10 *Vroom* 98, 100, since the power existed before the formation of our constitution, a statute cannot defeat it. Therefore the circumstance that the Practice act indicates that defective pleadings are to be struck out on notice (*Pamph. L.* 1903, *p.* 537, § 10) and therefore presumably on motion, imports no effective limitation upon the power, frequently exercised by this court in plain cases, to strike out of its own motion a pleading that is manifestly improper.

The first fault is with the declaration. Instead of confining himself to a statement of the time when the plaintiff's right to possession accrued, the pleader has declared that plaintiff's right to possession accrued at the time of the dates of and *by virtue of* certain deeds, grants and licenses particularly set forth. The mention of the several deeds, while irregular, is not harmful. The averment that plaintiff's right of possession accrued by virtue of those deeds is harmful in the sense that it seems to have furnished the occasion for the defendant to interpose the objectionable special pleas. This averment will therefore be struck out of the declaration. The special pleas set up sundry matters that are proposed to be relied upon in avoidance of the several sources of title mentioned in the declaration. All these pleas will be struck out. They deal with matters of evidence only, and any questions intended to be raised thereby are, under our practice, to be first raised at the trial. The special replications and the rejoinder and demurrers will likewise be expunged.

There will remain the simple forms of pleadings prescribed by the Ejectment act, with a proper form of issue for the determination of the trial court.

The order will be made without costs.