## GEORGE EWALD

### v.

## SOTER STEPHEN ORTYNSKY et al.

[Decided February 4th, 1910.]

1. The allowance of a plea to the jurisdiction of the chancery court in a suit against a domestic corporation in which the court has jurisdiction of the subject-matter, praying for dismissal on. the ground that the court has no jurisdiction of the suit for want of proper service on defendant, would result in a denial of justice to complainant; such fact only being matter in abatement entitling defendant at most to have the service quashed.

2. At law pleas to the jurisdiction were either in bar or in abatement.

3. While at law the declaration must follow the writ and fell with it, the subpœna in equity was a mere notice, and could be quashed without affecting the bill, so that failure properly to serve the subpœna was merely ground in abatement, and would not support a plea to the jurisdiction.

4. The return of an officer upon the process is conclusive, even as to matters of opinion stated therein by him; the only remedy for a false return being an action against him.

5. In the absence of a statute, the courts of a state have jurisdiction of a transitory suit against a foreign corporation if found and served within the state having jurisdiction of the subject-matter.

6. A plea in abatement to a bill in equity is bad which states matter in bar.

7. Upon finding against defendant, upon issue joined, upon its plea to the jurisdiction, praying dismissal of the bill for want of proper service, if that were the proper manner of making the objection, complainant would be entitled to proceed as upon a decree *pro confesso*.

8. Upon finding that defendant was not properly served, upon joinder of issue upon a plea to the jurisdiction praying dismissal for want of service, the court may, in order to avoid error in presenting the matter as a plea to the jurisdiction instead of in abatement, permit complainant to withdraw the replication to the plea upon just terms to defendant, preserving to him the benefit of the evidence taken on the question.

9. While a plea to the jurisdiction of a chancery court is proper where it has no jurisdiction of the subject-matter, where it has such jurisdiction and jurisdiction of the person as in case of a domestic corporation, the objection of want of service upon it should be made by motion to abate the suit until defendant is properly served, and not by plea to the jurisdiction.

10. Where the want of service upon defendant was improperly presented by plea to the jurisdiction and issue joined therein, upon permitting complainant to withdraw his replication to the plea, the court may strike the plea and permit defendant to properly restate the matter in abatement.

11. Chancery rule 209*a* provides that the validity of a plea is not admitted by joinder of issue thereon, and if the facts pleaded be determined in defendant's favor, they shall avail him only so far as in law and equity they should do so. Defendant filed a plea to the jurisdiction praying dismissal of the bill for want of service upon it, and issue was joined therein, and found for defendant as to want of service.—*Held*, that defendant was only equitably entitled to have the improperly served process set aside, and was not entitled to have the bill dismissed, and the suit barred.

In this case a bill was filed by the complainant against three defendants, an individual and two corporations. The subject-matter of the suit is conceded to be within the jurisdiction of a court of equity.

The two corporations defendant are each corporations of the State of New Jersey.

One of such defendants filed a plea as follows:

"The defendant, St. Peter and Paul Russian Greek Catholic Church of Jersey City, appearing for the sole purpose of objecting to the jurisdiction of this honorable court over this defendant in this suit, and for no other purpose and by protestation not confessing or acknowledging the matters and things in and by the said bill of complaint of the said George Ewald, set forth in such manner and form as the same are thereby and therein set forth and alleged for plea to the jurisdiction of this honorable court in the premises says: 'That jurisdiction has been sought to be obtained over the St. Peter and Paul Russian Greek Catholic Church of Jersey City, in this case by the issuance of a writ of subpœna *ad respondendum*, out of and under the seal of this honorable court, bearing date the sixth day of April, nineteen hundred and eight, directed to St. Peter and Paul Russian Greek Catholic Church of Jersey City,' together with other defendants, and the service of the same by the sheriff of the county of Hudson upon Sam Barna as appears by a return thereof by said sheriff as follows: 'Served within subpœna April 16, 1908 * * * on the defendants St. Peter and Paul Russian Greek Catholic Church of Jersey City by leaving true copies thereof with Sam Barna, President and Agent of said defendant church. John C. Kaiser, Sheriff, by Eugene Thomas, S. D. S.' That at the time of said service said Sam Barna was not the president, agent or other representative or officer of the said St. Peter and Paul Russian Greek Catholic Church of Jersey City, in the State of New Jersey or elsewhere and had no connection whatever, as officer or director or otherwise with the St. Peter and Paul Russian Greek Catholic Church of Jersey City, and

that no decree can be entered in this suit which is enforceable against this defendant under the laws of the State of New Jersey.

"By reason thereof this defendant humbly submits that this honorable court has not now and never had and cannot have jurisdiction over it. All of which matters and things this defendant avers to be true and pleads the same in bar to the said complainant's bill, and to the jurisdiction of this honorable court in the premises, and prays the judgment of this honorable court whether it should be compelled to make any further or other answer to said bill, and prays to be hence dismissed with its costs and charges in this behalf sustained."

Within the time required the defendant set this case down for hearing on bill and plea, and it was upon the list for hearing at the October term, 1908, of this court.

The complainant, having filed a replication to the said plea before the opening day of said October term, no hearing was had upon the bill and plea, but in due course a trial day was set for the hearing upon the bill, plea and replication.

Upon the trial, the testimony of the witnesses convinced the court that at the time of the service of process upon Barna he was not the president or agent of the defendant corporation. If the determination of this fact should lead the court to make an order in accordance with the prayer of the plea, such order would deny the jurisdiction of the court, bar the complainant's suit as to the pleading defendant, or dismiss it therefrom. Since such an order would be in effect a denial of justice to the complainant, the court perceived the difficulty created by the course of pleading and called the same to the attention of counsel (adopting much the same course as that suggested in *Schoettle* v. *Hengen* (*Vice-Chancellor Leaming, 1907*), *66 Atl. Rep. 922*). Thereupon the solicitor for the complainant moved for leave to withdraw the replication to the plea, and for leave to move to strike out the said plea, and, if these motions were granted, for leave to move to set aside the service of the process which he had caused to be served upon the pleading defendant. Due notice of these motions having been given to the solicitor of the pleading defendant, arguments and briefs were submitted upon each side.

*Mr. Herbert C. Gilson,* for the complainant.

*Mr. Adolf L. Engelke,* for the pleading defendant.

GARRISON, V. C.

By a reference to the plea, which is printed in full above, it will be seen that it is to the jurisdiction of the court, and pleads that this court has not now, and never had, and cannot have, jurisdiction over the defendant; is specifically in bar, and prays that the defendant shall be dismissed from the suit.

Since the pleading defendant is a corporation incorporated under the laws of the State of New Jersey, and the subject-matter of the suit is one within the jurisdiction of the court of chancery of New Jersey, it would be a denial of justice for the court in this suit, merely because process had not been properly served upon the defendant, to order or decree that this court has no jurisdiction, and never had, and never can have; or that, by failure to properly serve the defendant, the complainant's suit is barred; or to dismiss the defendant from this properly brought suit.

The utmost limit of the right of the defendant in this suit is not to be called upon to answer the bill, unless and until it is properly brought before the court for that purpose. The sole question before the court in this suit is whether the subpœna was duly served as required by law upon the defendant. The determination of this question does not affect the jurisdiction of the court, properly speaking, at all; it merely affects its ability to enforce its jurisdiction over the person of this defendant.

What might be termed pure pleas to the jurisdiction (and those to which, in my judgment, they should always have been confined) were cases where the determination on the plea settled the jurisdiction of the court over the subject-matter. There were, however, some questions which were permitted to be settled by pleas to the jurisdiction which did not determine that the court might not have jurisdiction over the subject-matter, but did settle that at that time it had not, and, therefore, the suit abated. In England, at the time when we inherited the chancery practice, pleas to the jurisdiction of the court were used to assert that the court of chancery of England was not the proper court to take cognizance of the rights sought to be enforced by the complainant; and those which were based upon the person of the complainant or defendant asserted that the complainant was in-

capacitated to sue, or that the defendant was not the person who ought to be sued.

Under the first head of such pleas, the fact that the defendant, for some reason, was solely suable in some other court was a proper subject-matter, and for this reason the defendant was required always to set out the other court which had exclusive jurisdiction. If he did not do this, his plea was bad, because the court of chancery had jurisdiction of all cases of equitable cognizance, and the assertion in the plea that the court of chancery of England did not have jurisdiction, without asserting what court had, really set forth a cause of demurrer and not of plea—it merely asserted that the case was not one of equitable cognizance. *Mitf. Pl. (6th Am. ed. from 5th Lond. ed.) 258, \*219, 262, \*223, 263, \*224, 265, \*226; Story Eq. Pl. § 705; Beam. Eq. Pl. 53; Fletch. Eq. Pl. & Pr. 289.*

Generally speaking, in the courts of the different states, there is no analogous plea of privilege—corporations and individuals being liable to suit where "found."

The real question most often sought to be raised does not really go to the jurisdiction of the court at all, but merely to its right to enforce that jurisdiction with respect to a defendant who claims that he has not been found within the jurisdiction, has not, in other words, been properly brought before the court for judgment.

At law there were two classes of pleas to the jurisdiction of the court—those in bar, and those in abatement. But the study of the course of pleading at law will not be very helpful to us because of the difference between the practice in the two courts.

At law, the foundation of the suit is the writ; whereas, in equity, the foundation of the suit is the bill. If the writ was abated at law, the suit necessarily fell with it; whereas, in equity, the subpœna could be set aside or abated or quashed without affecting the stability of the bill at all.

At law, the return of the officer upon the process was conclusive, and if it was false, the remedy was not to disprove it in that suit and have it set aside, but the party was relegated to his action against the officer for a false return.

There will not, therefore, be found in the early precedents at law any pleas in abatement or in bar based upon the allegation that the writ was not served by the officer in the manner in which his return purports to show that it was served.

The presumption just stated concerning the truth of the officer's return even went to what the courts termed "the opinion of the officer"—that is to say, his designation of the character of the person whom he served, whether as agent or as director, or as a member of the family, or what not. *Von Roy* v. *Blackman* (*United States Circuit Court, 1877*), *3 Woods 98.*

In equity, the subpœna was not of the same nature as the summons or other process at law, but was a mere notice. It was not required, under our practice, to be served by the sheriff or any other officer, and might be served by an individual. This was subsequently changed by statute.

The necessity, at law, of the declaration following the writ, and of the effect of a variance between the two, and other like matters, contradistinguish the pleadings in equity from those at law to such a degree that there is, as above stated, little or no analogy between the course of pleading in the two courts in this respect, at least.

Even at law, when a plea of the nature of the one interposed in this case was first brought to the attention of our supreme court, Chief-Justice Beasley remarks that he could not find any model of the same in any of the books, but sustained it by reason of its analogy to a plea for which he did find a precedent. *Camden Rolling Mill Co.* v. *Swede Iron Co., 32 N. J. Law (3 Vr.) 16.*

With the utmost deference to the very learned judge who decided this case, I cannot refrain from suggesting that he fell into an error therein similar to that which appears in some of the later cases in our own court, with which I shall have occasion to deal hereafter. A New Jersey creditor was seeking to enforce a right of a transitory nature against a foreign corporation. The New Jersey court had jurisdiction if it could properly get the defendant into court. Unless the defendant, the foreign corporation, was doing business here it could not enforce its jurisdiction. The real question, therefore, was not jurisdiction or the lack of it, but ability to enforce jurisdiction at that time upon

the service then made or attempted—*non constat*—that the very next day the defendant would not, by transferring its business to New Jersey, bring itself fully within the compulsory process of the court.

In that case the pleading defendant was a foreign corporation who asserted its immunity here because it was not doing business here and had not been properly served, &c. The chief-justice found an analogy between that plea and those pleas of personal privilege in the English courts, and sustained the propriety of the plea in this case. The error which I think was committed was in considering that a foreign corporation was privileged from suit in the courts of New Jersey, because it had not been found .within the state. It undoubtedly was in a position to assert that the jurisdiction of the court could not be exercised over it until it was properly brought before the court; and unless it was doing business here or had specified an agent, &c., it could not be found herein. But it was not in an analogous position to the English privileged person who could claim that some court had exclusive jurisdiction over him. If the subject-matter were one cognizable by the courts of New Jersey, and the sole objection was that the defendant, a foreign corporation, had not been properly brought before the court for judgment, I do not think the precedents support the plea.

It is not necessary to decide whether the subject-matter in that suit was one cognizable by the New Jersey court, but it may be useful to note that the supreme court of the United States in *Barrow Steamship Co.* v. *Kane (1898), 170 U. S. 100,* said that "the constant tendency of judicial decision in modern times has been in the direction of putting corporations upon the same footing as natural persons in regard to the jurisdiction of suits by or against them," and in that case entertained a suit begun in New York by a citizen of New Jersey against a corporation of Great Britain for a tort committed in Londonderry, Ireland; and from the reasoning of the court, the principle deduced is that. unless there is something restrictive in the legislation of the state, the courts of the state would have jurisdiction of a transitory cause of action brought against a foreign corporation if the latter was "found" therein and served.

I have had occasion to point out elsewhere (*Groel* v. *United Electric Co. (1905), 69 N. J. Eq. (3 Robb.) 397*) that at first corporations were held to be only suable within the jurisdiction of the state which created them, but that this early theory was abandoned, and now corporations created by any sovereignty may be sued within any jurisdiction which has jurisdiction of the subject-matter, provided they are "found" therein and served in accordance with the practice of that jurisdiction concerning service; and I see no reason why the proper court should not have jurisdiction of the subject-matter in all suits of a transitory nature.

While there has been much discussion and a difference of opinion upon the question as to whether there is any distinction in equity between pleas in bar and those in abatement (*Story Eq. Pl. (7th ed.) 587 § 708, and notes*), I do not find it necessary in this matter to determine which is the correct theory. The plea in this suit is framed upon the theory that it is in bar. The proper effect to be given to the proof of the facts of the plea is clearly not to bar the complainant's suit, but, at the most, to abate it. But even here I do not see how it would be proper to abate the suit by dismissing the bill, or dismissing the defendant from the bill (which is the same thing, in effect), even if this plea went no further in its prayer than that.

Assuming that it is a proper case for a plea in abatement in equity (and it surely cannot be claimed that a defendant, situated as this one is, can have any greater relief by not having been served than to abate the suit until he is served), the plea is an improper one. Pleas in abatement are improperly begun and concluded if the matter set up is stated to be in bar. *1 Encycl. Pl. & Pr. 27, notes.* This plea, therefore, is defective, and no proper order or decree can be entered upon it, even if the allegations of non-service set up in it are proven.

The contention of the pleading defendant is that it having filed this plea, and the complainant having joined issue, and it having proven the facts concerning non-service, the court, under the authorities (*Hunt* v. *West Jersey Traction Co. (Vice-Chancellor Grey, 1901), 62 N. J. Eq. (17 Dick.) 225*), is bound to find for the defendant and dismiss the bill, or dismiss the de-

fendant from the suit, as was done by the court of errors and appeals in *Wilson* v. *American Palace Car Co., 65 N. J. Eq. (20 Dick.) 730.*

Were such an order entered it would, in my view, be a bar to the complainant. The only theory on which such an order could be entered would be that the defendant had pleaded and proven matter which barred the complainant from the further prosecution of the suit by showing that the court had not jurisdiction thereof. I cannot conceive that this court, merely because of an error in the course of pleading, would ever enter what might be termed a self-stultifying order of that nature. I so term it because it would be an order that, with respect to a subject-matter cognizable by this court, a party within the jurisdiction of this court could never be made amenable to its compulsory process so that the jurisdiction of the court might be exercised over such party if that party had been improperly served and entered a plea to the jurisdiction of the court.

Each of the counsel in this suit shaped his course in accordance with what he conceived to be the law as enunciated in the case of *Wilson* v. *American Palace Car Co., supra.* They each conceived that that case, and those which followed it in this court, decided that whenever a defendant in a suit in equity desired to object to the method pursued to bring him into court the proper practice was by plea to the jurisdiction of the court. They also conceived that the plea filed in that case, and approved by the court, was the model plea to be used. It was, because the complainant's solicitor was of this impression that he did not pursue the hearing upon the bill and plea but replied to the plea.

The embarrassment produced by the course of pleading in this suit has been heretofore alluded to; and, in addition to those embarrassments already mentioned, the court must consider the effect upon the defendant if such a plea were, upon trial, found not to be true. The authorities are that under such circumstances the complainant is entitled to proceed as if upon a decree *pro confesso. Hunt* v. *West Jersey Traction Co., supra; Fletch. Eq. & Pl. 316.* It surely cannot be a proper course of pleading which would result in subjecting a defend-

ant to a decree against him on the merits merely because he objected to the manner or effect of the service of the subpœna upon him.

The court now finds it is in a position where the defendant has proven that it was not served with process, as it pleaded it was not, but cannot, with any proper regard to the due administration of justice, make the order prayed for by the defendant. Under these circumstances, I conceive that there can be no question of the right and power of the court in the premises. I conceive that this court has the right and power to permit the complainant to withdraw the replication upon terms which shall do justice to the defendant, to whom the full benefit of all that has taken place shall be secured. *Dan. Eq. Pl. & Pr. (6th ed.) 417, 482, 483; Fletch. Eq. Pl. 381; Story Eq. Pl. § 877; Coop. Eq. Pl. 328; Swayze* v. *Swayze (Chancellor Williamson, 1853), 9 N. J. Eq. (1 Stock.) 273.* In this latter case, the chancellor held that the court could, of its own motion, dismiss a bill to which no objection had been taken by demurrer or plea, and concerning which the defendant had lost all right to make any objection; and that looseness of pleading which embarrassed the court and interfered with the administration of justice would not be encouraged, but would be controlled by the court in the exercise of its discretion whenever occasion required.

The next consideration is whether, after the replication is withdrawn, the complainant should be permitted to move to strike out the plea, or to have a hearing upon its sufficiency, or to have the matter adjudged upon the plea properly framed as a plea in abatement.

Since the court will mould the pleading so as to effectuate the ends of justice and give to the defendant all of the benefit to which it is entitled by reason of the erroneous course of the complainant in not earlier objecting to the plea, the next question involves the whole matter of practice in this respect.

The subject is one which is involved in great confusion, and should be clearly and definitely settled, for which reason I go more fully into the matter than the circumstances might otherwise warrant, in the hope that if I have misconceived, or do not

correctly state the practice, the court of ultimate decision will take occasion to point out what the proper practice is.

The unfortunate results arising out of an incorrect practice in this respect are numerous. The plea (if it be found that a plea is the proper form) is without a model, and one must be created; and the order which shall be made upon such a plea is without precedent, and its phraseology and effect must be carefully considered and determined. If, on the other hand, a plea be an improper method, then it should be never permitted, because of the delay incident to a hearing upon that form of pleading, to the embarrassment with respect to the form of pleading itself, and to the order to be made thereon.

A similar confusion was found to exist in the federal courts on the equity side with respect to this subject-matter; and Judge Hammond, of the district court of Tennessee, took occasion to study the matter with great care, and to express his conclusions with clearness, and to set forth the authorities and precedents at length. *Romaine* v. *Union Insurance Co.* (*1886*), *28 Fed. Rep. 625.* Since he is speaking of the English practice at a time when it applied to our courts (as it did to his court), what he says is with respect to the authorities by which we are bound, and is, therefore, directly in point. I cannot, therefore, better elucidate the matter than by quotation. He says: "We can have no trouble in any case if we distinguish between a substantive objection to the jurisdiction, technically considered, and one for mere irregularity of the service of the process, because, as was said in *Drummond* v. *Drummond, 2 Ch. App. Cas. 35,* 'much confusion has arisen by treating want of power to enforce jurisdiction as tantamount to want of jurisdiction.'" He points out that in the federal courts jurisdiction over the subject-matter very often depends upon diversity of citizenship and other questions concerning the person, and that great care should be taken in studying the federal cases by reason of this fact; because, in such cases, jurisdiction of the subject-matter does depend upon jurisdiction of the person (concerning which see *Funck* v. *Smith* (*Supreme Court, 1884*), *46 N. J. Law* (*17 Vr.*) *484*). He says, after pointing this matter out: "Except, therefore, in that class of cases peculiar, perhaps, to the federal

courts, where, in certain situations of residence or citizenship, the power to proceed against the particular persons is wholly denied under all circumstances whatever, the objection that the defendants to a bill in equity have not been effectually served with process to bring them within the presence of the court for judgment, is not, as at law, one of jurisdiction to be pleaded by formal plea to the writ, but one of mere irregularity of process, properly cognizable on motion, according to the practice always prevailing for that especial purpose."

(It will be found that this practice is the one pointed out by *Dan. Ch. Pl. & Pr. \*536, and note.*)

He then reviews the English cases and finds a uniform practice as above indicated; finds that in the federal courts there had been unfortunate departures from the proper practice, and concludes: "But, if we are to have technical practice in making the objection, it must be done, in a federal court of equity, in the way I have indicated; for that was the uniform method in the English court of chancery at the time our equity rules were adopted. There is no doubt of this, * * * and this practice must be followed, if insisted upon, no matter how much the practice has been disregarded by our courts."

It is, perhaps, suggestive to point out that in that case the objection was made by motion, and the objection thereto was that it should have been made by a plea to the jurisdiction of the court, the motion proceeding upon the ground that the return to the subpœna should be quashed upon the ground that it appeared that the defendants had no residence in the jurisdiction, and no agent, and had not been properly subpœnaed.

The practice of raising the objection by motion was followed in our earlier cases. *Wagner* v. *Blanchet, 27 N. J. Eq. (12 C. E. Gr.) 356; Harrison* v. *Farrington (Chancellor Runyon, 1882), 35 N. J. Eq. (8 Stew.) 4; Hervey* v. *Hervey (Vice-Chancellor Emery, 1897), 56 N. J. Eq. (11 Dick.) 166.* And this is the practice in the federal courts. *Goldey* v. *Morning News Co. (Supreme Court, 1894), 156 U. S. 518.* And I can find no case in New Jersey in which a resident defendant ever raised this question or objection by a plea to the jurisdiction of the court.

It will be found by reference to the English precedents on the subject, many of which are cited in *Romaine* v. *Union Insurance Co., supra,* that the objection to jurisdiction over his person asserted by one attempted to be brought in by publication or substituted service was taken by motion, and, therefore, in my view, in *Kirkpatrick* v. *Post (Court of Errors and Appeals 1895), 53 N. J. Eq. (8 Dick.) 641,* and in *Puster* v. *Parker Mercantile Co. (Vice-Chancellor Stevens, 1903), 64 N. J. Eq (19 Dick.) 599,* the court should have passed upon the question of whether the objecting defendant was in court.

It was thought by counsel in the case at bar that the case of *Wilson* v. *American Palace Car Co., supra,* and the cases which followed and relied upon it, sanction such a practice even with respect to resident defendants—that is, that the theory and reasoning of those cases leads to the conclusion that a plea to the jurisdiction of the court is proper wherever the defendant has not been regularly brought before the court so that its judgment might be pronounced against the defendant.

First, it should be observed that there is not, in my view, any warrant whatever for such a deduction from the cases in question. In each of them the pleading defendant was a non-resi dent individual or corporation, not amenable at that time to the compulsory process of the court; and it was found in each case that the procedure adopted to bring such pleading defendant before the court, was not effectual for that purpose.

But with all deference to the learned judge who pronounced the opinion in the case of *Wilson* v. *American Palace Car Co.,* I am led to say that unless the subject-matter was one that was not within the jurisdiction of the court of chancery of New Jersey, I think that the proper practice would have required the objection, with respect to the method adopted to bring the defendant before the court, to be made by a motion and not by a formal plea to the jurisdiction of the court. *Groel* v. *United Electric Co., supra.* A plea to the jurisdiction of the court is undoubtedly proper in those cases in which the court has no jurisdiction over the subject-matter, and the distinction to be drawn is between such cases and those in which it has jurisdiction of the subject-matter but cannot enforce it until it obtains juris-

diction over the person; but no useful purpose will be served by stopping to analyze the cases above cited upon this point, or to attempt to determine into which class these cases fall if the distinction is applicable to them. Whatever may have been the course of practice adopted in different cases in this state, I think that it is clear, from the reasoning which should be applied, and the precedents which do apply, that in every case in which the court of chancery has jurisdiction of the subject-matter which it can enforce if it obtains jurisdiction of the party, there is no propriety in a plea to the jurisdiction of the court based upon an allegation that the court has not obtained jurisdiction of the person, but that, in such case, the objection should be made by motion based upon a conditional appearance.

If, however, it should be determined that in this state, by reason of the decisions, the distinction just alluded to will not be made in cases where the defendant is, at the time of pleading, a non-resident person or corporation not amenable to compulsory process, the innovation in practice thus effectuated should not be further extended. It surely should not be extended so as to include a resident defendant, individual or corporate, who is amenable to compulsory process, and whose only objection is that such compulsory process has not as yet been properly served upon such defendant. That is the precise question raised in the case at bar; and my conclusion is that the plea in this case is defective in form and is improper pleading—that is to say, that the matter therein contained is available to the defendant for the purpose for which he may be permitted to use it; but that it is not available in a plea to the jurisdiction of the court, and is defective because it contains matter in abatement only and pleads it in bar.

I have concluded, therefore, since the replication is withdrawn by permission of the court, that it is within the power of the court to strike out this defective and improper plea.

The right of the court in this respect is affirmed by authority. *16 Encycl. Pl. & Pr. 621; Stanbery* v. *Baker* (*Vice-Chancellor Emery, 1897*), *55 N. J. Eq.* (*10 Dick.*) *270; Mount Pleasant Cemetery Co.* v. *Erie Railroad Co.* (*Supreme Court, 1906*), *65 Atl. Rep. 192.*

I am aware that if my finding were that the matter set up by the plea is insufficient, proper practice would require that such insufficiency should be adjudged upon a hearing upon the bill and plea, and not upon a motion to strike out; it is likewise true that if the case had been set down for hearing on bill and plea, and such hearing had been had, it would be proper to overrule the plea; but where the question is not of sufficiency of the matter, but defects in the plea and the form in which the matter set up should be pleaded, I conceive that it is proper for the court to strike out the pleading (if a plea is an improper method of presenting the matter to the court) and to permit the party to re-state the matter in a proper form.

I will, therefore, in this case, permit the defendant to raise the same question upon a motion, and will require the complainant to submit the same upon the evidence taken already in the suit. All of the evidence upon the subject has been submitted to the court, and the defendant should not lose the benefit of this.

If the defendant does not desire to avail itself of the right to make such a motion under the circumstances, I will grant the motion of the complainant to set aside the service of the subpoena, upon the defendant in question, upon the condition that he pay to such defendant all of the costs accruing to such defendant to date under the plea filed by such defendant.

The defendant may elect which course it prefers, and the final order will be made accordingly.

After the formulation of the above portion of the opinion, and before its promulgation, a new rule was adopted concerning pleas. The necessity of such a rule undoubtedly arose out of just such cases as the one now being dealt with. The rule reads as follows:

"209a. If issue be joined upon a plea, its validity shall not be thereby admitted, neither shall the plea be overruled as false for failure of the defendant to prove immaterial averments thereof. Upon the hearing of such issue the question shall be whether upon the material facts pleaded, so far as substantiated by the proof, the complainant ought to be pre-cluded from having the discovery or relief prayed for in the bill. If the facts pleaded be determined in favor of the defendant, they shall avail him only so far as in law and in equity they ought to avail him; if they be determined against the defendant, such determination shall avail

the complainant only so far as in law and in equity it ought to avail him, and shall not, as heretofore, entitle the complainant as of course and without proof to the discovery or relief prayed for by the bill, or shall the defendant be debarred as of course from the privilege of answering the bill."

If this rule be applied to the decision of this case, the result is exactly similar to that reached by me and stated above. The facts pleaded being determined in favor of the defendant, the rule prescribes that they shall avail him only so far as in equity they ought to avail him.

The extent to which the facts proven in this case ought, in equity, to avail the defendant, is a setting aside of the process which was improperly served.

The form of the order may be settled upon notice.