### CONROY v. PENN ELECTRICAL & MFG. CO.

(Circuit Court, W. D. Pennsylvania. September 30, 1909.)

### No. 50.

1. PATENTS (§ 138*)—REISSUE—TIME OF MAKING APPLICATION.

    Where a suit on a patent was commenced within 15 months after its issue, and within 10 days after it was adjudged invalid by the Circuit Court of Appeals a reissue was applied for which narrowed the scope of the original patent, and it appeared that a decision as to the validity of the original patent was reasonably necessary to establish the necessity for a reissue, the application therefor was made within a reasonable time.

    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 138.*

    Time for application for reissue, see note to United Blue-Flame Oil Stove Co. v. Glazier, 55 C. C. A. 560.]

2. PATENTS (§ 141*)—REISSUE—IDENTITY OF INVENTION.

    Where an original patent was for a method and held invalid because broader than the invention, a reissue covering a machine by which such method, and only that, can be practiced, is not invalid as not for the same invention.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 206–213; Dec. Dig. § 141.*]

3. PATENTS (§ 328*)—REISSUE—VALIDITY—MACHINE FOR CLIPPING GLASS.

    The Conroy reissue patent No. 12,789 (original No. 723,139) for a machine for clipping the edge of glass articles is valid.

    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. Suit by John M. Conroy against the Penn Electrical & Manufacturing Company for infringement of patent. On demurrer to bill. Demurrer overruled.

Christy & Christy and Paul Synnestvedt, for complainant.

J. M. Nesbitt and Edward Rector, for defendant.

ORR, District Judge. This is a suit for the infringement of a reissued patent, the subject of which is, "Improvements for Ornamenting Glass." The bill is in the usual form and prays for the customary relief. The case comes before the court upon demurrer, which (among other matters) attacks the validity of the reissue. The demurrer must be overruled.

Ordinarily no expression of opinion is advisable in explanation or support of such ruling. In this case, however, the counsel in their

'arguments have intimated a desire that the court should decide whether or not the patent in suit has been reissued properly. The answer to this must be in the affirmative, if all the express and implied conditions have existed, and have been performed, upon which a reissue may be granted.

The express conditions as found in the statute relating to a reissue of patents (Rev. St. 4916 [U. S. Comp. St. 1901, p. 3393]), necessary to be considered in deciding the present case, are: (1) That the original patent was invalid by reason of the patentee claiming as his own invention more than he had a right to claim as new; (2) that the error in the original patent arose by inadvertence, accident, or mistake, and without fraudulent or deceptive intention; and (3) that the reissued patent is for the same invention as the original.

The implied condition necessary to be considered is that the application for the reissue was made within a reasonable time.

The second express condition and the implied condition may be briefly considered in the light of Topliff v. Topliff, 145 U. S. 156, 171, 12 Sup. Ct. 825, 36 L. Ed. 658. That case pronounces the settled rule of the Supreme Court to be that it will not review the decision of the commissioner upon the question of inadvertence, accident, or mistake, unless the matter is manifest from the record. Such matter is not manifest from the record in this case. It must necessarily follow that there was not fraudulent or deceptive intention on the part of the patentee. That case also holds that the question whether the application for reissue was made within a reasonable time is in most, if not all, such cases a question of law. In the present case the application for reissue was made within 10 days after the Circuit Court of Appeals had finally decided that the original patent was invalid. That litigation, which is hereinafter referred to, was begun within 15 months after the original issue, and indicates that a decision was reasonably necessary to declare that the original patent was invalid. As will be seen, this is a case of diminished, and not enlarged, reissue. The rights of the public were not narrowed. Therefore the two-year rule mentioned in Miller v. Brass Co., 104 U. S. 350, 26 L. Ed. 783, and Mahn v. Harwood, 112 U. S. 354, 5 Sup. Ct. 174, 6 Sup. Ct. 451, 28 L. Ed. 665, should not apply. In no view of the case should the patentee be deemed guilty of laches.

The first express condition—reason why the original patent was invalid. The original patent, No. 723,139, was the subject of litigation between the same parties in this court, as reported in Conroy v. Penn Company (C. C.) 155 Fed. 421, and Id. 425, and in the Court of Appeals for the Third Circuit, as reported in Penn Company v. Conroy, 159 Fed. 943, 87 C. C. A. 149. The result of this litigation was that said original patent, No. 723,139, was declared to be invalid, not because there was no invention, but because the inventor's claim was broader than it should have been. This will be seen by an examination of the opinions of the courts in said litigation, in so far as said opinions are specially applicable to said patent No. 723,139 (there being two other patents also considered in the same case). The following is from the opinion of the lower court, 155 Fed. 421, at page 422, in which I have italicized the last sentence:

"The patents refer to the chipping and scalloping the edges of plate glass for small mirrors. Previous to these patents this was done by hand. A piece of plate glass of the desired size, diamond scored on the upper side about an eighth of an inch from the edge, was firmly held by the operator with one hand to overlap the edge of a table. In the other hand the operator held a chipping tool. This consisted of a handle provided with a bifurcated prong somewhat wider than the plate glass. The longer arm of the prong was on the lower side of the plate. A sharp, quick downward stroke of the tool forced the inner end of the lower prong against the lower side of the plate, and the upper prong against the upper edge of the plate. This chipped or cutout scallops back to the scored line. The tool was then moved along the plate, and the operation rapidly repeated. It resulted in a uniform succession of scallops along the plate. The advance in hand chipping now dispenses with scoring. *The invention in this case consisted in supplanting hand chipping by machine chipping.*"

Again the lower court (155 Fed. 423) uses the following language, which I have italicized:

"*It is very clear that, in view of the prior existence of chipped glass, and that the advance Conroy made was to devise a machine to make it, it is clear that, while such machine is patentable, the function of that machine, namely, making machine chipped glass, is not.*"

The lower court, therefore, held said patent void, "as simply being for the function of a machine devised to manufacture an old product." The Court of Appeals (159 Fed. 944, 949, 87 C. C. A. 155) considered and described the old hand method, and stated:

"The claims of the method patent include the hand operation as well as the machine operation. * * * The complainant did not discover a new method of chipping glass. * * * We think the court below was right in holding this patent invalid."

There seems to be in said opinions a fair recognition that Conroy had made an invention of broad character, and that only because his claim could be construed to include the old hand method was said patent invalid. It is also a reasonable conclusion from the study of those cases that an adjudication of the court upon the original patent was reasonably required to ascertain the need for reissue.

The third express condition is the same invention. The original patent was a broad method patent, covering both the hand method and the machine method; the reissued patent covers the machine method only. The boundaries of the new claim lie within the boundaries of the old, as may be seen by comparison:

| Original. | Reissue. |
|---|---|
| R. 20, Line 101. | R. 30, Line 108. |
| As an improvement in the art of shaping the edges of glass articles, the method herein described which consists in removing by blows at successive points closely adjacent to the edge the edge and a portion of the opposite side of the article in pieces approximately uniform in quantity, substantially as set forth. | A machine for chipping the edges of glass articles, comprising in combination a rest or support for said article and a carrier movable relative to said support and provided with projecting means arranged to strike the said glass an angular glancing blow at a point adjacent its edge and in a direction away from the edge, substantially as described. |

It is apparent that the method of the original claim can be performed by any other conceivable apparatus as well as by the apparatus

of the new claim, and that the apparatus of the new claim must perform the method of the original claim and no other method. The original and the reissue have the same drawings. The description of preferred forms of apparatus is the same in each. And each shows that the inventor made no claims therein to such specific or preferred forms, which were the subjects of other applications or patents. There is nothing in defendant's contention that new matter has been introduced into the specification of the reissue.

The object of the patent law is to secure to inventors a monopoly of what they have actually invented or discovered, and it ought not to be defeated by a too strict and technical adherence to the letter of the statute, or by the application of artificial rules of interpretation. Topliff v. Topliff, 145 U. S. 156, 171, 12 Sup. Ct. 825, 36 L. Ed. 658.

It is urged by defendant that the reissued patent in suit is invalid because it is a second patent to the same inventor for the same invention as that covered by an earlier patent, to wit, the Conroy patent No. 735,949, of August 11, 1903, heretofore referred to. But it does not so appear. The original patent, No. 723,139, was the generic method patent, while patent No. 735,949 was a specific apparatus patent, both in pursuance of the same invention and same original application. The revised patent No. 12,789 is a generic machine or apparatus patent covering every machine for chipping the edges of glass articles, which comprises in combination a rest or support for said articles and a carrier movable relative to said support, and provided with projecting means arranged to strike the glass an angular glancing blow at a point adjacent to its edge and in a direction away from the edge. Patent No. 735,949 is a specific machine or apparatus patent. The same is true of patent No. 731,667, which is mentioned in defendant's brief although not in the bill. Both are subsequent in date to the original patent and within the broad claims of the generic patent No. 12,789, the reissued patent. Both are for machines which comprise the combination of parts mentioned in the reissued patent. Yet other machines may be conceived which comprise such combination of parts, and which may be as different from the machines claimed in patents No. 735,949 and No. 731,667 as they are from each other. So far there does not appear to have been double patenting. Defendant further contends that the method patent No. 723,139 could not be reissued as machine or apparatus patent No. 12,789, because as inventions method and apparatus are distinct and independent. To support this contention many cases have been cited to show that a machine patent cannot be reissued as a method patent. In almost all of them the reissued patents were held invalid because they were improper attempts "to make the less include the greater," to enlarge the claims of the inventor and to diminish the rights of the public. In the present case the method and the machine were not distinct and independent inventions, but "were simultaneously evolved." Both were correlative units of the single fact of invention. The facts of the present case as shown by the pleadings emphasize the intent of Congress, in the passage of the act relating to reissues, to thereby further encourage inventors.

We are clearly of opinion that reissued letters patent No. 12,789,

for ornamenting glass, issued to John M. Conroy, the complainant, are valid, and that there are no sufficient causes of demurrer in this case. The demurrer is overruled.