CONROY v. PENN ELECTRICAL & MFG. CO.

(Circuit Court, W. D. Pennsylvania. August 4, 1910.)

No. 50.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—MACHINE FOR CHIPPING GLASS.

The Conroy reissue patent, No. 12,789 (original No. 723,139), for a machine for chipping the edges of glass articles, *held* valid and infringed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by John M. Conroy against the Penn Electrical & Manufacturing Company. On final hearing. Decree for complainant.

See, also, 155 Fed. 421, 425; 159 Fed. 943, 87 C. C. A. 149; 173 Fed. 299.

Christy & Christy and Paul Synnestvedt, for complainant.
J. M. Nesbit and Edward Rector, for defendant.

ORR, District Judge. This matter comes before the court on final hearing upon a bill charging the defendant with the infringement of a reissued patent, No. 12,789, originally granted to the complainant March 17, 1903, and reissued to him May 5, 1908, for an improvement in ornamenting glass. Some time since this court overruled a demurrer to the bill, for the reasons stated in Conroy v. Penn Electrical & Manufacturing Company, 173 Fed. 299. Since then the defendant has answered, and proofs have been taken by both parties. The questions raised by the demurrer were reargued upon final hearing, especially the question as to the validity of the reissue; but nothing has been presented which has convinced the court that there was error in holding the reissue to be valid, or in other conclusions as expressed in the opinion overruling the demurrer.

The proofs show that all the material allegations of the plaintiff's bill are true. Complainant's title to the patent and the utility of the invention are not disputed in any way. Nor is it seriously contended by the defendant that infringement, after notice given of the existence of complainant's patent and after the filing of the bill, has been and is a fact. The claim of the reissued patent is as follows:

"A machine for chipping the edges of glass articles, comprising in combination a rest or support for said article and a carrier movable relative to said support and provided with projecting means arranged to strike the said glass an angular glancing blow at a point adjacent its edge and in a direction away from the edge, substantially as described."

The defendant employs a machine for chipping glass which is within the claim of said patent. Defendant's own expert says that the language of the claim of the reissued patent in suit would accurately apply to defendant's structure. As has been said, the only real question raised is the validity of the reissue. The complainant is entitled to the relief prayed for.

Let a decree be drawn in accordance with this opinion.