### COLUMBIA CHEMICAL CO. v. DUFF.

(Circuit Court of Appeals, Third Circuit. January 24, 1911.)

No. 33.

APPEAL AND ERROR (§§ 1099, 1195*)—DECISION AS LAW OF THE CASE—CONSTRUCTION OF CONTRACT.

Where an appellate court has placed a construction on a written contract sued on, it becomes the law of the case, both for the trial court on a retrial and the same court on a second review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4373, 4661; Dec. Dig. §§ 1099, 1195.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action at law by Edward James Duff against the Columbia Chemical Company. Judgment for plaintiff, and defendant brings error. Reversed.

See, also, 168 Fed. 57.

George B. Gordon, William Watson Smith, Ralph Longenecker, and Allen T. C. Gordon, for plaintiff in error.

Alexander Gilfillan, Edwin W. Smith, and Reed, Smith, Shaw & Beal, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and BRADFORD, District Judge.

BUFFINGTON, Circuit Judge. In the court below Edward J. Duff, a citizen of Great Britain, recovered a verdict against the Columbia Chemical Company for license fees for the use of four gas producers, alleged to be due him by a contract between them, dated November 28, 1903, which provided:

"The remainder of said amount, to wit, the sum of fifteen thousand five hundred dollars ($15,500.00), shall be paid to said grantor [Duff] by said licensees [the Columbia Chemical Company] in full as soon as the said four producers shall be completed and shall operate in the manner and with the results hereby guaranteed by said grantor, as follows, to wit: From each ton of 2,240 pounds of coal treated in said producers, or any of them, there shall be in addition to the gas a yield of seventy (70) pounds of sulphate of ammonia, provided that the coal contains not less than one and three-tenths (1.3) per cent. of nitrogen; and the gas produced shall be free from soot, tar, or other residuum, which, if present, could or would clog the flues and require them to be burned."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Upon entry of judgment thereon the Chemical Company sued out this writ, and assigned for error, .inter alia, that the court below failed to follow and give effect to the construction theretofore placed upon the contract by this court. The case was here on a previous writ of error, sued out on the entry of judgment in Duff's favor. The judgment was reversed in an opinion reported at 168 Fed. 57. As the case had been submitted to the court below on the theory that there was a waiver of the contract guaranty, we awarded, as a matter of precaution, a new trial, feeling that the pleadings might be amended, showing a waiver, if such was the fact, and evidence of such waiver might be produced. No such amendment was made or evidence given. The present case involves the same question before us on the other writ, namely, the proper construction of the contract. In that regard we said in our previous opinion:

The suit "is brought to recover license fees for use of a patented device which this defendant [the Columbia Chemical Company] built at its own cost and on which it agreed to pay license fees in case it fulfilled certain guaranteed requirements."

Of those guaranteed requirements we said:

"Under the contract, the plaintiff was bound to produce 70 pounds of sulphate of ammonia per 2,240 pounds of coal, and to do this he had a right to call upon the defendant[1] to use coal containing 1.3 per cent. of nitrogen. If he chose to use coal of a less per cent. of nitrogen, that was his right; but he did not thereby lessen his guaranteed output of 70 pounds of sulphate of ammonia. He chose to make the test with coal of less nitrogen; and the issue was whether he did or did not produce 70 pounds of sulphate of ammonia. He alleged he had; the defendant alleged he had not. That was the issue involved."

We accordingly held the court erred in introducing the question of waiver into the case, saying:

"It follows, therefore, that in bringing the question of waiver into the case as an act of the chemical company, and in embodying in the defendant's points the factor of a waiver by defendant, the court fell into an error which did the defendant injustice."

As to the contention of Duff's counsel that there could be a proportionate or partial performance of the guaranty, viz., that if the coal used, on testing, contained less than 1.3 per cent. of nitrogen, there was a correspondingly proportionate reduction in the 70 pounds requirement of sulphate of ammonia, we said:

"It is clear, however, the alleged waiver was based on an erroneous assumption by the court that the contract meant that 1.3 per cent. nitrogen in the coal was a requirement the defendant [the Columbia Chemical Company] could insist upon, and which, therefore, it waived by using a coal of less nitrogen. Had this assumption been correct, there might have been some ground for holding that there should be, as contended by the plaintiff, a proportionate reduction in the guaranteed 70 pounds of sulphate of ammonia from each ton. But the presence of 1.3 per cent. of nitrogen in the coal was a requirement that plaintiff, not the chemical company, had a right to insist on, and which, therefore, was not a subject of waiver by the company."

From this it will be seen the court held there could be no proportionate fulfillment of the guaranty. Such being the construction of

[1] Misprinted "plaintiff" in 168 Fed. 57, 93 C. C. A. 479.

the contract by this court, it follows that the charge of the court below on the retrial, viz.:

"As you will see, there was inserted in this guarantee a proviso: Provided that the coal—that is, the producer coal—contains not less than 1.3 per cent. of nitrogen. That percentage was placed in that contract for some purpose. And it contemplated, I instruct you, that there could be a proportionate yield of sulphate of ammonia, if the coal contained less than 1.3 per cent. of nitrogen,"

—was error, for it overlooked the scope of this court's former decision that:

"Under the contract the plaintiff was bound to produce 70 pounds of sulphate of ammonia per 2,240 pounds of coal, and to do this he had a right to call upon the defendant[2] to use coal containing 1.3 per cent. of nitrogen. If he chose to use coal with a less per cent. of nitrogen, that was his right; but he did not thereby lessen his guaranteed output of 70 pounds of sulphate of ammonia."

The construction of this contract was a question which this court was required to pass upon when the case was here before. That question it decided, and, as said in National Surety Company v. Kansas Company (C. C. A.) 182 Fed. 54:

"All questions of law determined on a first writ of error become, if the facts remain substantially the same, the law of the case both for the trial court and for this court on a second writ of error."

To this we may add Roberts v. Cooper, 20 How. 467, 15 L. Ed. 969, wherein Justice Grier said:

"To allow a second writ of error or appeal in a court of last resort on the same questions which were open to discussion on the first would lead to endless litigation. * * * There would be no end to a suit, if every obstinate litigant would by repeated appeals compel a court to listen to criticisms on their opinions or speculate on chances from changes in its members."

In accordance with these firmly established and salutary principles, the judgment entered below must be reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] Misprinted "plaintiff" in 168 Fed. 57, 93 C. C. A. 479.