## PENN ELECTRICAL & MFG. CO. v. CONROY. †

(Circuit Court of Appeals, Third Circuit. February 4, 1911.)

### No. 66.

1. PATENTS (§ 136*)—REISSUES—STATUTORY GROUNDS.

Where a patent for a process was adjudged invalid for lack of patentable invention, in that the process was not new, but the claim was merely for the function of a machine to do what had previously been done by hand, the case was not one of insufficiency, overstating, inadvertence, accident, or mistake, which would entitle the patentee to a reissue under Rev. St. § 4916 (U. S. Comp. St. 1901, p. 3393).

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 198½; Dec. Dig. § 136.*

Grounds for reissue of patent, see note to General Electric Co. v. Richmond St. & I. Ry. Co., 102 C. C. A. 145.]

2. PATENTS (§ 328*)—VALIDITY OF REISSUE—MACHINE FOR CHIPPING GLASS.

The Conroy reissue patent, No. 12,789 (original No. 723,139), for a machine for chipping the edges of glass articles, is void as granted without authority of law.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Suit in equity by John M. Conroy against the Penn Electrical & Manufacturing Company. Decree for complainant (181 Fed. 697), and defendant appeals. Reversed.

Jos. M. Nesbit and Edward Rector, for appellant.
Bayard H. Christy and Paul Synnestvedt, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below a decree was entered in favor of the complainant, John M. Conroy, adjudging the respondent had infringed reissue patent No. 12,789, granted May 5, 1908, to said Conroy for ornamenting glass. The opinion of the lower court is reported at 173 Fed. 299, overruling a demurrer, and at 181 Fed. 697, on final hearing.

The case was before us on a former appeal. In that case the lower court had held and decreed Conroy's patent No. 723,139 was invalid as not involving patentability. The opinion of the lower court in that case is reported at 155 Fed. 421, and that of this court affirming such decree at 159 Fed. 943, 87 C. C. A. 149. After the decision of this court Conroy applied for and obtained a reissue, No. 12,789, of his patent No. 723,139. The present case involves the validity of that reissue.

The case being here on substantially the same state of facts as in the former appeal, all questions of law determined on the first appeal become the law of the case for courts and parties on the second. Columbia Chemical Co. v. Duff, 184 Fed. 876. What, then, was the decision in the former case? In that case the court below had before it process patent No. 723,139, for ornamenting glass, granted to John M. Conroy March 17, 1903. That patent referred to the clipping and scalloping of the edges of plate glass for small mirrors, which previous to Conroy's invention had been done by hand. From the opinion in that court reported at 155 Fed. 421, it will be seen that one of the workmen in Conroy's factory suggested to him the idea that such hand clipping could be done by machinery, whereupon Conroy, after examining the hand process, went into his office, and in half an hour called the workmen in and explained a machine which he had meanwhile evolved. Conroy then applied for a single patent to cover both process and machine. On suggestion of the office the machine claims were withdrawn and made the subject of a later application on which patent No. 731,667 was issued to him. The original application was then prosecuted for the process and resulted in the issue of patent No. 723,139. The validity of the latter patent was challenged in the court below in the former case on the ground that the method claimed did not involve patentability. This defense of nonpatentability the court below sustained, holding that the patentee was simply attempting to claim and patent the mere function of his patented machine, and that under Risdon Locomotive Works v. Medart, 158 U. S. 81, 15 Sup. Ct. 745, 39 L. Ed. 899, he could not do so. In that regard that court said:

"Now applying this principle to the case in hand, it is very clear that, in view of the prior existence of chipped glass, and that the advance Conroy made was to devise a machine to make it, it is clear that, while such machine is patentable, the function of that machine, namely, making machine-chipped glass, is not. To do so would thwart the object of the patent law, which is to promote, not retard, inventions. To use a homely illustration: Beef was chipped by hand. But no one would contend that when the first machine for chipping beef was made the inventor thereof could secure a patent for the process embodied in the machine. To do this would be to bar the way to every inventor who might devise some other machine for producing the common article of chipped beef. Such a construction of the patent laws would make them retard progress. Upon consideration we are clear that patent No. 723,139 is void as simply being for the function of a machine devised to manufacture an old product."

Subsequently it entered its decree as follows:

"6. The court being of the opinion that letters patent of the United States No. 723,139, granted March 17, 1903, to John M. Conroy, complainant herein, for a certain new and useful improvement in ornamenting glass, do not disclose a patentable invention within the meaning of the law, an injunction and accounting in respect of said last-named letters patent are denied."

From such decree the former appeal was taken to this court. In its opinion this court considered the further question whether Conroy's alleged method was new, saying:

"If the complainant (Conroy) simply gave to the art a better implement for proceeding by an old method, his patent is void."

The opinion then proceeds to show that there was no difference between the method of chipping by hand and that of Conroy by machine, concluding:

"In both cases blows are struck, and struck at successive points closely adjacent to the edge of the article, which remove the edge and a portion of the opposite side of the glass, and the pieces removed are approximately uniform in size and shape. Thus we have substantial identity of operation in both cases."

And after further reasoning its conclusion was:

"We think the court below was right in holding the patent invalid."

In accordance with that view this court issued its mandate affirming, in quoted language, the decree of the court below as quoted above. By these proceedings it will thus be seen that the question whether Conroy's process disclosed a patentable invention was the issue litigated between him and the Penn Electric Company, that it was decided adversely to Conroy, and by the decree entered in the lower court, which was subsequently affirmed in this, that question became res adjudicata as between the parties to the suit.

After the decision in the other case, Conroy applied for and was granted reissue patent No. 12,789, upon his process patent No. 723,139, and therein was granted a claim, not for his process, but for a machine; said claim being:

"A machine for clipping the edges of glass articles, comprising in combination a rest or support for said article and a carrier movable relative to said support and provided with projecting means arranged to strike the said glass an angular glancing blow at a point adjacent its edge and in a direction away from the edge, substantially as described."

185 F.—33

The specification was based on the identical figures and specification found in process patent No. 723,139, with the addition of this to the specification:

"While I have shown with some particularity preferred forms of apparatus for carrying out my improved method, no claims are made herein to such specific and preferred forms of apparatus, as such specific or particular form of apparatus embodying a series or plurality of pins arranged to operate successively is claimed specifically in patent issued to me August 11, 1903, No. 735,949, and another specific or particular form embodying a supporting table for the glass and means for shifting the table step by step is specifically claimed in another patent issued to me June 23, 1903, No. 731,667."

The court below overruled a demurrer to this reissue in an opinion reported at 173 Fed. 299, and on final hearing, in an opinion reported at 181 Fed. 697, found the patent valid and the machine claim infringed. From such decree the Penn Electrical Company appealed. After argument and due consideration, we are of opinion this decree was erroneous because the reissue was invalid.

The right to a reissue of this patent must be found in Rev. St. 4916 (U. S. Comp. St. 1901, p. 3393), which provides, inter alia:

"Whenever any patent is inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the commissioner shall, on the surrender of such patent and the payment of the duty required by law, cause a new patent for the same invention, and in accordance with the corrected specification, to be issued to the patentee," etc.

Now it will be observed that the facts of this case do not fall within these provisions. Patent No. 723,139 was not inoperative or invalid by reason of a defective or insufficient specification. On the contrary, the specification was complete and sufficient. In accordance with Rev. St. 4888 (U. S. Comp. St. 1901, p. 3383), it contained, "a written description of * * * the manner and process of * * * using it, in such full, clear, concise and exact terms as to enable any person skilled in the art * * * to use the same"; and, indeed, no change was made in that regard in the specification when it was used for the reissue. Nor was the vice of patent No. 723,139 that he therein claimed "as his own invention or discovery more than he had a right to claim as new," for he unquestionably did discover the machine process shown in his machine and embodied in the claims of No. 723,139. The vice of that patent was twofold: First, that conceding such machine process was new it did not, in the terms of the decrees made in the original case by the lower and the upper courts, "disclose a patentable invention within the meaning of the law"; and, secondly, as held by the upper court, such machine process was not new because it was the same process that was known and used in the hand art. It was not a case of insufficiency, overstating, inadvertence, accident, or mistake of the original patent, but one of adjudicated invalidity for lack of patentable invention. And adjudged lack of patentability is not made by the statute a ground for reissue.

It is sought, however, to bring the case within the reissue statute as one where the vice of the patent was because its claims were too broad,

and to support this view our attention is called to a sentence in this court's opinion, "The claims of the method patent include the hand operation, as well as the machine operation." But when these words are read in the light of the context, and that the question then being considered was that the machine process was invalid, not because Con·roy had not discovered it as a machine process, but because such machine process was simply the old process theretofore worked by hand, and because the process whether used in hand or machine was old, it did not, as the decree held, "disclose a patentable invention within the meaning of the patent law," it will be seen the language has not the significance now contended for. And that the process, whether by hand or machine, was the same was, the opinion contended, indicated by the fact that the process described in the claim made by Conroy on his machine process invention might also aptly describe the process that had been used in the old hand art, and this was advanced as a reason, not to show that his claim was invalid because it was too broad, but that no such claim, either broad or narrow, could be made because the process therein described was old and nonpatentable. Read in connection with the context, and bearing in mind the patent was decreed invalid because it did "not disclose a patentable invention within the meaning of the law," it will be seen the words in question cannot have the effect of bringing the case within the terms of the reissue statute. The case therefore not falling within the terms of the reissue statute, the reissue was made without authority of law and must be held void.

This view renders it unnecessary for us to discuss the other and grave question involved affecting the validity of this reissue in view of the office proceedings on machine patent No. 731,667.

The decree of the court below is therefore reversed, with costs and with directions to the Circuit Court to enter a decree in favor of the respondent adjudging reissue patent No. 12,789 invalid, and dismissing the bill of complaint.