## BARROW STEAMSHIP COMPANY *v.* KANE.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 858. Argued October 22, 1897. — Decided April 11, 1898.

The Circuit Court of the United States, held within one State, has jurisdiction of an action brought, by a citizen and resident of another State, against a foreign corporation doing business in the first State through its regularly appointed agents, upon whom the summons is there served, for a cause of action arising in a foreign country; although the statutes of the State confer no authority upon any court to issue process against a foreign corporation, at the suit of a person not residing within the State, and for a cause of action not arising therein.

THIS was an action brought November 1, 1894, in the Circuit Court of the United States for the Southern District of New York, by Michael Kane against the Barrow Steamship Company (Limited).

The complaint alleged that the plaintiff was a citizen of New Jersey, and resided at Newark in that State; and that "the defendant is a corporation organized and incorporated under the laws of the Kingdom of Great Britain, and is the owner of a certain steamship known as the Devonia, and is and was at the time hereinafter mentioned a common carrier of passengers, and engaged in the business of transportation of freight and passengers upon said steamship Devonia and other steamers, among other places, from Londonderry, Ireland, to the city of New York, and has offices and property in the said city of New York, and its general agents therein, managing the affairs of the said company within said city, and is a resident and inhabitant of the city of New York and the Southern District of New York, within the meaning of the statute in such case made and provided;" that "the said defendant operates its business, or part thereof, in and under the name and as part of the Anchor Line, and its said business is in whole or in part done under that name, and its steamers, including the said Devonia, belong to what is known as the Anchor Line steamships; that the general managers of said business in the city of New York are the firm of Henderson Brothers, who are the general agents of said defendant, and the officers of said defendant company and said agents are at No. 7 Bowling Green and pier 54 North River in said city; that on or about September 13, 1893, the plaintiff purchased and paid for a ticket as a passenger for transportation by defendant from Londonderry, in Ireland, Kingdom of Great Britain, to the city of New York, on the steamship Devonia, belonging to said defendant; and the said defendant received the said plaintiff as a passenger, and undertook and promised to transport the said plaintiff from said Londonderry to New York with due care, and to do all those things necessary and required for the safe transportation of the said plaintiff to and from said points; and it became and was its duty and it became bound to protect and save harmless the said plaintiff from any injury or harm from its agents or servants employed in its business;" and that "for the purpose of transporting passengers over part of the voyage, viz., from Londonderry to

the steamship Devonia, lying in the harbor, the said defendant used a certain tender; that said plaintiff, being a passenger on said tender, in pursuance of the obligation and promise aforesaid, the same being part of the transportation to New York, was violently, on or about September 14, 1893, assaulted and maltreated, without just cause or excuse and wrongfully and unlawfully, by servants or agents of said defendant on said tender," as particularly stated in the complaint; and thereby suffered damages to the extent of $20,000.

To this complaint the defendant filed the following appearance and demurrer: "The defendant above named, appearing specially by Henry T. Wing and Harrington Putnam as its attorneys, specially, only for the purposes hereof, as stated in its special appearance noted herein, demurs to the complaint herein, for the special purpose, and no other, until the questions herein raised have been decided, of objecting to the jurisdiction of this court, demurring and excepting to the complaint, because it appears upon the face thereof that the court has not jurisdiction of the person of the defendant, nor of the subject-matter of the action, for the reason that neither the defendant nor the plaintiff is an inhabitant or resident of the Southern District of New York, and the action therefore cannot be maintained therein, and that the defendant is a foreign corporation, and the cause of action did not arise within the State of New York. Wherefore defendant prays judgment whether this court has jurisdiction, and asks that the complaint be dismissed, with costs; but should the court overrule this demurrer and exception, the defendant then asks time and leave to answer to the merits, though excepting to the action of the court in overruling said demurrer."

The court overruled the demurrer, with liberty to answer the complaint. The defendant thereupon answered, and the case went to trial.

When the plaintiff's counsel had opened the case to the jury, the defendant's counsel moved to dismiss the suit, upon the ground "that it appeared upon the face of the complaint that the court had not jurisdiction thereof; that it had no

jurisdiction of the person of the defendant; and that it had no jurisdiction of the subject-matter of the action;" and presented as grounds of the motion the same reasons that had been urged at the hearing on the demurrer. The court denied the motion, and the defendant duly excepted to the denial.

At the close of the testimony, the defendant again moved the court to dismiss the proceedings on the ground of want of jurisdiction, both of the subject-matter and of the person of the defendant. The motion was denied and an exception reserved.

The trial resulted in a verdict for the plaintiff for $7500, upon which judgment was rendered.

The defendant took the case by writ of error to the Circuit Court of Appeals, which requested the instruction of this court upon a question of law; and embodied in its certificate the provisions of the New York Code of Civil Procedure which are copied in the margin,[1] the foregoing pleadings and proceedings in the case, and this statement of facts:

---

[1] SEC. 432. (Amended 1877, c. 416.) *How personal service of summons made upon a foreign corporation.* Personal service of a summons upon a defendant, being a foreign corporation, must be made by delivering a copy thereof, within the State, as follows:

1. To the president, treasurer or secretary; or, if the corporation lacks either of those officers, to the officer performing corresponding functions, under another name.

2. To a person designated for the purpose by a writing, under the seal of the corporation, and the signature of its president, vice president, or other acting head, accompanied with the written consent of the person designated, and filed in the office of the secretary of state. The designation must specify a place, within the State, as the office or residence of the person designated; and, if it is within a city, the street, and the street number, if any, or other suitable designation of the particular locality. It remains in force, until the filing in the same office of a written revocation thereof, or of the consent executed in like manner; but the person designated may, from time to time, change the place specified as his office or residence, to some other place within the State, by a writing, executed by him, and filed in like manner. The secretary of state may require the execution of any instrument, specified in this section, to be authenticated as he deems proper, and he may refuse to file it without such an authentication. An exemplified copy of a designation so filed, accompanied with a

" The cause of action is for damages alleged to have been sustained in consequence of an assault upon the plaintiff, a passenger by the defendant's steamship, while the plaintiff was in transit under a contract of transportation, by a person for whose acts it is alleged the defendant was responsible. The alleged assault took place in the port of Londonderry, Ireland. The plaintiff is a citizen and resident of the State of New Jersey. The defendant is a corporation organized and incorporated under the laws of the United Kingdom of Great Britain and Ireland. It is a common carrier operating a line of steamships from ports in that kingdom to the port of New York. It does business in the State of New York through the firm of Henderson Brothers, its regularly appointed agents, and has property therein. There is no proof of any written designation by the defendant of any one within the State of New York upon whom service of process may be made. Service of the summons was made on a member of the firm of Henderson Brothers as agents for the defendant."

The question of law certified was : " Had the Circuit Court

certificate that it has not been revoked, is presumptive evidence of the execution thereof, and conclusive evidence of the authority of the officer executing it.

3. If such a designation is not in force, or if neither the person designated, nor an officer specified in subdivision first of this section, can be found with due diligence, and the corporation has property within the State, or the cause of action arose therein; to the cashier, a director, or a managing agent of the corporation, within the State.

SEC. 1780. *When foreign corporations may be sued.* An action against a foreign corporation may be maintained by a resident of the State, or by a domestic corporation, for any cause of action. An action against a foreign corporation may be maintained by another foreign corporation, or by a nonresident, in one of the following cases only :

1. Where the action is brought to recover damages for the breach of a contract made within the State, or relating to property situated within the State at the time of the making thereof.

2. Where it is brought to recover real property situated within the State, or a chattel, which is replevied within the State.

3. Where the cause of action arose within the State, except where the object of the action is to affect the title to real property situated without the State.

jurisdiction to try the action and render judgment therein against the defendant?"

*Mr. Esek Cowen* for plaintiff in error.

*Mr. F. K. Pendleton* for defendant in error.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

This action was brought in the Circuit Court of the United States for the Southern District of New York against the Barrow Steamship Company, by a passenger on one of its steamships on a voyage from Londonderry in Ireland to the city of New York, for an assault upon him by its agents in the port of Londonderry. The certificate of the Circuit Court of Appeals shows that the plaintiff is a citizen and resident of the State of New Jersey; that the defendant is a corporation, organized and incorporated under the laws of the United Kingdom of Great Britain and Ireland; and a common carrier running a line of steamships from ports in that kingdom to the port of New York, and does business in the State of New York, through a mercantile firm, its regularly appointed agents, and upon whom the summons in this action was served.

It was contended, in behalf of the steamship company, that, being a foreign corporation, no suit could be maintained against it *in personam* in this country without its consent, express or implied; that by doing business in the State of New York it consented to be sued only as authorized by the statutes of the State; that the jurisdiction of the courts of the United States held within the State depended on the authority given by those statutes; that the statutes of New York conferred no authority upon any court to issue process against a foreign corporation in an action by a non-resident, and for a cause not arising within the State; and therefore that the Circuit Court acquired no jurisdiction of this action brought against a British corporation by a citizen and resident of New Jersey.

The constant tendency of judicial decisions in modern times has been in the direction of putting corporations upon the same footing as natural persons in regard to the jurisdiction of suits by or against them.

By the Constitution of the United States, the judicial power, so far as depending upon citizenship of parties, was declared to extend to controversies "between citizens of different States," and to those between "citizens" of a State and foreign "citizens or subjects." And Congress, by the Judiciary Act of 1789, in defining the original jurisdiction of the Circuit Courts of the United States, described each party to such a controversy, either as "a citizen" of a State, or as "an alien." Act of September 24, 1789, c. 20, § 11; 1 Stat. 78; Rev. Stat. § 629. Yet the words "citizens" and "aliens," in these provisions of the Constitution and of the Judiciary Act, have always been held by this court to include corporations.

The jurisdiction of the Circuit Courts over suits between a citizen of one State and a corporation of another State was at first maintained upon the theory that the persons composing the corporation were suing or being sued in its name, and upon the presumption of fact that all those persons were citizens of the State by which the corporation had been created; but that this presumption might be rebutted, by plea and proof, and the jurisdiction thereby defeated. *Bank of United States* v. *Deveaux*, 5 Cranch, 61, 87, 88; *Hope Ins. Co.* v. *Boardman*, 5 Cranch, 57; *Commercial Bank* v. *Slocomb*, 14 Pet. 60.

But the earlier cases were afterwards overruled; and it has become the settled law of this court that, for the purposes of suing and being sued in the courts of the United States, a corporation created by and doing business in a State is, although an artificial person, to be considered as a citizen of the State, as much as a natural person; and there is a conclusive presumption of law that the persons composing the corporation are citizens of the same State with the corporation. *Louisville &c. Railroad* v. *Letson*, 2 How. 497, 558; *Marshall* v. *Baltimore & Ohio Railroad*, 16 How. 314, 329; *Muller* v. *Dows*, 94 U. S. 444; *Steamship Co.* v. *Tugman*, 106 U. S. 118;

*St. Louis & San Francisco Railway* v. *James*, 161 U. S. 545, 555–559.

In *Bank of Augusta* v. *Earle*, 13 Pet. 519, decided before the case of *United States* v. *Deveaux*, above cited, had been overruled, and while that case was still recognized as authority for the principle that in a question of jurisdiction the court might look to the character of the persons composing a corporation, Chief Justice Taney, in delivering judgment, said that the principle had "never been supposed to extend to contracts made by a corporation, especially in another sovereignty;" but that "whenever a corporation makes a contract, it is the contract of the legal entity; of the artificial being created by the charter; and not the contract of the individual members." 13 Pet. 586, 587.

In *Bank of Augusta* v. *Earle*, it was adjudged that a corporation created by one State, and acting within the scope of its charter, might do business and make contracts in another State when permitted to do so by the laws thereof, and might sue upon such contracts in the courts of that State. As was said in the opinion: "It is sufficient that its existence as an artificial person, in the State of its creation, is acknowledged and recognized by the law of the nation where the dealing takes place; and that it is permitted by the laws of that place to exercise there the powers with which it is endowed." 13 Pet. 589. And it was declared to be well settled that by the law of comity among nations, prevailing among the several States of the Union, "a corporation created by one sovereignty is permitted to make contracts in another, and to sue in its courts," except as to contracts repugnant to its own policy. 13 Pet. 592.

The manifest injustice which would ensue, if a foreign corporation, permitted by a State to do business therein, and to, bring suits in its courts, could not be sued in those courts, and thus, while allowed the benefits, be exempt from the burdens, of the laws of the State, has induced many States to provide by statute that a foreign corporation making contracts within the State shall appoint an agent residing therein, upon whom process may be served in actions upon such contracts. This

court has often held that wherever such a statute exists service upon an agent so appointed is sufficient to support jurisdiction of an action against the foreign corporation, either in the courts of the State, or, when consistent with the acts of Congress, in the courts of the United States held within the State; but it has never held the existence of such a statute to be essential to the jurisdiction of the Circuit Courts of the United States. *Lafayette Ins. Co.* v. *French*, 18 How. 404; *Ex parte Schollenberger*, 96 U. S. 369; *New England Ins. Co.* v. *Woodworth*, 111 U. S. 138, 146; *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444, 452.

In *Lafayette Ins. Co.* v. *French*, the court said: "We limit our decision to the case of a corporation acting in a State foreign to its creation, under a law of that State which recognized its existence, for the purposes of making contracts there and being sued on them, through notice to its contracting agents." But it was cautiously added: "The case of natural persons, or of other foreign corporations, is attended with other considerations, which might or might not distinguish it; upon this we give no opinion." 18 How. 408, 409.

The liability of a foreign corporation to be sued in a particular jurisdiction need not be distinctly expressed in the statutes of that jurisdiction, but may be implied from a grant of authority in those statutes to carry on its business there.

Accordingly, in *Railroad Co.* v. *Harris*, 12 Wall. 65, the Baltimore and Ohio Railroad Company, a corporation chartered by the State of Maryland, and authorized by the statutes of the State of Virginia to extend its railroad into that State, and also by the act of Congress of March 2, 1831, c. 85, 4 Stat. 476, to extend, construct and use a lateral branch of its railroad into and within the District of Columbia, and to exercise the same powers, rights and privileges, and be subject to the same restrictions in regard thereto, as provided in its charter, was held, by reason of the act of Congress, and of service upon its president in the District of Columbia, to be liable to an action in the District by a passenger for an injury happening in the State of Virginia; although the railroad company was a corporation of the State of Maryland only,

and neither the act of Congress authorizing it to construct and use a branch railroad in the District of Columbia, nor any other act of Congress, had made any provision for bringing suits against foreign corporations, the action having been brought before the passage of the act of February 22, 1867, c. 64, § 11; 14 Stat. 404; Rev. Stat. D. C. § 790. Mr. Justice Swayne, in delivering judgment, said: "If the theory maintained by the counsel for the plaintiff in error be correct, however large or small the cause of action, and whether it were a proper one for legal or equitable cognizance, there could be no legal redress short of the seat of the company in another State. In many instances the cost of the remedy would have largely exceeded the value of its fruits. In suits local in their character, both at law and in equity, there could be no relief. The result would be, to a large extent, immunity from all legal responsibility. It is not to be supposed that Congress intended that the important powers and privileges granted should be followed by such results. But turning our attention from this view of the subject, and looking at the statute alone, and reading it by its own light, we entertain no doubt that it made the company liable to suit, where this suit was brought, in all respects as if it had been an independent corporation of the same locality." 12 Wall. 83, 84.

In that case, it is to be observed, the cause of action arose, neither in the State of Maryland, where the defendant was incorporated, nor in the District of Columbia, where the action was brought, but in the State of Virginia. The decision, in principle and in effect, recognizes that a corporation of one State, lawfully doing business in another State, and summoned in an action in the latter State by service upon its principal officer therein, is subject to the jurisdiction of the court in which the action is brought.

In England, the right of a foreign corporation doing business in England to sue in the English courts was long ago recognized; and its liability to be subjected to suit in those courts, by service made upon one of its principal officers residing and representing it within the realm, has been fully established by recent decisions. *Newby* v. *Von Oppen*, L. R.

7 Q. B. 293; *Haggin* v. *Comptoir d'Escompte de Paris*, 23 Q. B. D. 519.

In the courts of several States of the Union, the like view has prevailed. *Libbey* v. *Hodgdon*, 9 N. H. 394; *March* v. *Eastern Railroad Co.*, 40 N. H. 548, 579; *Day* v. *Essex County Bank*, 13 Vermont, 97; *Moulin* v. *Trenton Ins. Co.*, 1 Dutcher (25 N. J. Law), 57; *Bushel* v. *Commonwealth Ins. Co.*, 15 S. & R. 173; *North Missouri Railroad* v. *Akers*, 4 Kansas, 453, 469; *Council Bluffs Co.* v. *Omaha Co.*, 49 Nebraska, 537. The courts of New York and Massachusetts, indeed, have declined to take jurisdiction of suits against foreign corporations, except so far as it has been expressly conferred by statutes of the State. *McQueen* v. *Middletown Manuf. Co.*, 16 Johns. 5; *Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315; *Desper* v. *Continental Water Meter Co.*, 137 Mass. 252. But the jurisdiction of the Circuit Courts of the United States is not created by, and does not depend upon, the statutes of the several States.

In the Circuit Courts of the United States, there have been conflicting opinions, but the most satisfactory ones are those of Judge Drummond and Judge Lowell in favor of the liability of foreign corporations to be sued. *Wilson Packing Co.* v. *Hunter*, 8 Bissell, 429; *Hayden* v. *Androscoggin Mills*, 1 Fed. Rep. 93.

In *Lafayette Ins. Co.* v. *French*, above cited, this court, speaking by Mr. Justice Curtis, after saying that a corporation created by one State could transact business in another State, only with the consent, express or implied, of the latter State, and that this consent might be accompanied by such conditions as the latter State might think fit to impose, defined the limits of its power in this respect by adding, " and these conditions must be deemed valid and effectual by other States, and by this court, provided they are not repugnant to the Constitution or laws of the United States, or inconsistent with those rules of public law which secure the jurisdiction and authority of each State from encroachment by all others, or that principle of natural justice which forbids condemnation without opportunity for defence." 18 How. 407.

The object of the provisions of the Constitution and statutes of the United States, in conferring upon the Circuit Courts of the United States jurisdiction of controversies between citizens of different States of the Union, or between citizens of one of the States and aliens, was to secure a tribunal presumed to be more impartial than a court of the State in which one of the litigants resides.

The jurisdiction so conferred upon the national courts cannot be abridged or impaired by any statute of a State. *Hyde v. Stone,* 20 How. 170, 175; *Smyth v. Ames,* 169 U. S. 466, 516. It has therefore been decided that a statute, which requires all actions against a county to be brought in the county court, does not prevent the Circuit Court of the United States from taking jurisdiction of such an action; Chief Justice Chase saying that "no statute limitation of suability can defeat a jurisdiction given by the Constitution." *Cowles v. Mercer County,* 7 Wall. 118, 122; *Lincoln County v. Luning,* 133 U. S. 529; *Chicot County v. Sherwood,* 148 U. S. 529. So statutes requiring foreign corporations, as a condition of being permitted to do business within the State, to stipulate not to remove into the courts of the United States suits brought against them in the courts of the State, have been adjudged to be unconstitutional and void. *Home Ins. Co. v. Morse,* 20 Wall. 445; *Barron v. Burnside,* 121 U. S. 186; *Southern Pacific Co. v. Denton,* 146 U. S. 202.

On the other hand, upon the fundamental principle that no one shall be condemned unheard, it is well settled that in a suit against a corporation of one State, brought in a court of the United States held within another State, in which the corporation neither does business, nor has authorized any person to represent it, service upon one of its officers or employés found within the State will not support the jurisdiction, notwithstanding that such service is recognized as sufficient by the statutes or the judicial decisions of the State. *St. Clair v. Cox,* 106 U. S. 350; *Fitzgerald Co. v. Fitzgerald,* 137 U. S. 98, 106; *Goldey v. Morning News,* 156 U. S. 518. See also *Mexican Central Railway v. Pinkney,* 149 U. S. 194.

By the existing act of Congress defining the general juris-

diction of the Circuit Courts of the United States, those courts "shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity, when the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars," "in which there shall be a controversy between citizens of different States," " or a controversy between citizens of a State and foreign States, citizens or subjects;" and, as has been adjudged by this court, the subsequent provisions of the act, as to the district in which suits must be brought, have no application to a suit against an alien or a foreign corporation; but such a person or corporation may be sued by a citizen of a State of the Union in any district in which valid service can be made upon the defendant. Act of March 3, 1887, c. 373, § 1, as corrected by the act of August 13, 1888, c. 866, § 1; 24 Stat. 552; 25 Stat. 434; *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444, 453; *In re Hohorst,* 150 U. S. 653; *Galveston &c. Railway* v. *Gonzales,* 151 U. S. 496, 503; *In re Keasbey & Mattison Co.*, 160 U. S. 221, 229, 230.

The present action was brought by a citizen and resident of the State of New Jersey, in a Circuit Court of the United States held within the State of New York, against a foreign corporation doing business in the latter State. It was for a personal tort committed abroad, such as would have been actionable if committed in the State of New York or elsewhere in this country, and an action for which might be maintained in any Circuit Court of the United States which acquired jurisdiction of the defendant. *Railroad Co.* v. *Harris,* above cited; *Dennick* v. *Railroad Co.,* 103 U. S. 11; *Huntington* v. *Attrill,* 146 U. S. 657, 670, 675; *Stewart* v. *Baltimore & Ohio Railroad,* 168 U. S. 445. The summons was duly served upon the regularly appointed agents of the corporation in New York. *In re Hohorst,* above cited. The action was within the general jurisdiction conferred by Congress upon the Circuit Courts of the United States. The fact that the legislature of the State of New York has not seen fit to authorize like suits to be brought in its own courts by citizens and residents of other States cannot deprive such citizens

of their right to invoke the jurisdiction of the national courts under the Constitution and laws of the United States.

The necessary conclusion is that the Circuit Court had jurisdiction to try the action and to render judgment therein against the defendant, and that the

*Question certified must be answered in the affirmative.*