REVANS v. SOUTHERN MISSOURI & A. R. CO. et al.

(Circuit Court, S. D. New York. February 5, 1902.)

CORPORATIONS—SERVICE OF PROCESS.
      Where the president of a foreign railroad corporation was resident in the state, and had an office therein, in which he performed his duties as such president, and had done so for many years past, the service in an action against the corporation arising without the state on complainant within the state was properly made upon such president.

Wilmot & Gage (Mr. Vanderpoel, of counsel), for complainant.
Dittenhoefer, Gerber & James (I. M. Dittenhoefer, of counsel), for one of the defendants.

THOMAS, District Judge. The bill is filed by a resident of the state of New York against the defendant the Southern Missouri & Arkansas Railroad Company for certain relief respecting its railroad, which is exclusively within the state of Missouri. The service of the bill was made upon Newman Erb, the president of such railroad company, who is a resident of the state of New York, and who has an office in such state, where he performs his duties as

president of such company, other than such duties as take him without the state. It is apparent that for some years past he has continuously acted as the president of such company within this state, and that he has an office in this state for that purpose. The cause of action arose without the state, the complainant resides within this state, and its president has an office and acts as the president of such company within this state. Under such state of facts, service was properly made upon the president, and so far forth the jurisdiction was properly acquired. Steamship Co. v Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964. The question now is not whether the suit may be finally maintained, for reasons not at this time presented, but whether a proper service has been made to bring in the single company that now disputes the jurisdiction.