FRINK CO., Inc., v. ERIKSON.

Circuit Court of Appeals, First Circuit.
August 2, 1927.

No. 2106.

1. Corporations ☞668(15)—Foreign corporation, soliciting orders through local manufacturer's agent, held not present within state, warranting judgment in personam after service on agent.

Foreign corporation, soliciting orders in state through local agents, with authority only to solicit and transmit orders, and receiving no salary and keeping no books of account of such foreign corporation, receiving only as compensation commission on all orders placed, *held* not present within state, doing business, so that service of summons on such local agent would be sufficient on which to base judgment in personam against foreign corporation.

2. Corporations ☞668(15)—Corporation, to be amenable to service in foreign jurisdiction, must be transacting business therein, subjecting it to jurisdiction.

In order to render a corporation amenable to service of process in foreign jurisdiction, it must appear that corporation was transacting business in that district to such extent as to subject it to jurisdiction and laws thereof.

3. Corporations ☞668(15)—Business of foreign corporation, to make it amenable to process, must warrant inference that it has subjected itself to jurisdiction.

Business of foreign corporation within state, in order to render it amenable to service of process, must be such in character and extent as to warrant inference that corporation has subjected itself to jurisdiction and laws of district in which it is served.

4. Courts ☞259—Jurisdiction of federal court is not dependent on state statute, but is federal in its character.

Jurisdiction of federal courts does not depend on statutes of several states, but is federal in its character, and cannot conclusively be controlled by any state statute purporting to determine what shall constitute presence or doing business in state by foreign corporation.

5. Courts ☞344(7)—Service on foreign corporation in compliance with state law will generally be sufficient in federal court.

Generally service on agents of foreign corporation doing business within district or state in compliance with state law will be sufficient in federal court.

6. Corporations ☞665(3)—Courts ☞274(12)—Jurisdiction of court over foreign corporation, after determining presence in state or district, extends to causes of action arising outside state.

If presence of foreign corporation in state or district is once determined, jurisdiction of court is not limited to contracts made within state, but extends to causes of action arising outside state.

7. Patents ☞327(10)—Decree in suit adjudging original patent invalid cannot be pleaded as bar to subsequent suit based on reissue.

Decree in suit adjudging original patent invalid cannot be pleaded as bar to subsequent suit based on reissue, since decision as to validity or invalidity of reissue patent requires determination of other questions than mere validity or invalidity of original patent.

8. Patents ☞290(2)—Owner of reissue patent may decide what infringers he will sue, and where he will bring suit.

Reissue of patent being presumptively valid, owner had legal right to decide what infringers he would sue, and where he would bring suit, without interference from defendant in prior suit on original patent wherein original was declared invalid.

9. Courts ☞526—Injunction should not be granted restraining infringement suit, where plaintiff seeking injunction did not show inability to obtain relief in such suit.

Where plaintiff in action seeking to restrain patent infringement suit failed to show

that he could not obtain full and complete relief in such suit, in defense of which he was permitted to appear, injunction should not be granted restraining prosecution of that suit.

**10. Courts ⧉508(1)—Generally one will not be restrained from proceeding with pending suit in equity, except to prevent manifest wrong or injustice.**

Generally one will not be restrained by injunction from proceeding with pending suit in equity in courts of another jurisdiction, except to prevent manifest wrong or injustice, or unless it clearly appears that full and complete relief cannot be obtained in such pending suit.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Suit by Leonard Erikson against the Frink Company, Inc. From an interlocutory decree (16 F. [2d] 498), directing a preliminary injunction, defendant appeals. Decree vacated, and case remanded, with directions.

Harry Lea Dodson, New York City (Zell G. Roe and Dodson & Roe, all of New York City, on the brief), for appellant.

George K. Woodworth, of Boston, Mass., for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge. This is an appeal from an interlocutory decree entered December 20, 1926, by the District Court, in the District of Massachusetts, directing a preliminary injunction restraining the Frink Company, Inc., from proceeding further with a suit brought in the United States District Court for the Eastern District of New York, against the Dime Savings Bank, of Williamsburg, N. Y., one of the customers of Leonard Erikson, alleging infringement of reissued letters patent No. 15,624, dated June 12, 1923, and also from filing or threatening to file other suits based on alleged infringement of said reissued letters patent or otherwise using said letters patent as a means of unfair competition with the plaintiff's business.

The plaintiff appellee, hereinafter called the plaintiff, is a Massachusetts citizen. The defendant appellant, hereinafter called the defendant, is a New York corporation, alleged to have a regular and established place of business in Boston.

Briefly the present bill of complaint alleges that on or about December 29, 1921, I. P. Frink, Inc., brought a suit against Leonard Erikson, trading under the name of L. Erikson Electric Company, in the District of Massachusetts, alleging infringement of United States letters patent No. 1,007,498, issued October 31, 1911, on the application of William H. Spencer, for an alleged improvement in illuminating devices. The cause came on for trial January 8, 1923. It was held that the patent in suit was invalid, and that infringement was not shown, even if the patent was valid. A decree dismissing the bill of complaint was entered, from which no appeal was taken.

On April 21, 1923, I. P. Frink, Inc., filed in the Patent Office an application for the reissue of said letters patent No. 1,007,498. During the progress of the application through the Patent Office, the attention of the Examiner was called to the following portion of the opinion of the court in the action filed December 29, 1921, which reads as follows:

"There is nothing in the specifications or in the single claim indicating that the plaintiff had solved, much less had shown others how to solve, the abstruse and highly scientific problem concerning which this expert testified. The patent does not even contain directions for arranging reflecting elements in such manner or at such angles as properly to reflect the light in the desired directions. In fact, the angles shown in drawings 4 and 5 of the patent are substantially different."

The present bill further alleges that in its application for a reissue I. P. Frink, Inc., falsely claimed that the patent was invalid for the reason that the specifications and claims thereof were defective and insufficient; that they called the Examiner's attention to the above-quoted portion of the court's opinion, suppressing other portions, and creating a wrong impression in the mind of the Examiner as to the reasons actuating the court in holding said patent wholly invalid; that said patent was reissued June 12, 1923, as No. 15,624; that on or about March 30, 1926, I. P. Frink, Inc., changed the name of its corporation to "the Frink Company, Inc."; that on July 27, 1926, the Frink Company, Inc., filed a suit in the United States District Court of the Eastern District of New York against the Dime Savings Bank of Williamsburg, in which it alleged infringement of said reissued letters patent No. 15,624, on account of the use by said bank of a bank counter screen reflector sold to it by the L. Erikson Electric Company. The bill in the present action further alleges that the construction of the reflector sold by Erikson to the bank is substantially the same as the reflector complained of by I. P. Frink, Inc., in the suit brought in the district of Massachusetts against Erikson December 29, 1921.

It further alleges serious interference with the plaintiff's business in New York and elsewhere and says that the sole purpose of the Frink Company, Inc., in bringing said suit against the Dime Savings Bank was to intimidate the trade, architects, electrical contractors, constructors and others accustomed to purchase plaintiff's reflectors for banks and other buildings, and ends with a prayer that the officers of the Frink Company, Inc., its servants, agents, and attorneys, be enjoined from proceeding further with said suit against the Dime Savings Bank, and also from filing or threatening to file other suits on account of the alleged infringement of reissued letters patent No. 15,624 by the use of the Erikson bank counter screen reflectors.

On December 20, 1926, injunctive relief from which this appeal is taken was granted in the following terms:

"Ordered, adjudged, and decreed that a writ of injunction issue out of and under the seal of this court directed to the defendant herein, the Frink Company, Inc., commanding, enjoining, and restraining the said defendant, its officers, agents, servants, and attorneys, from proceeding further with a suit in equity filed on the 27th day of July, 1926, in the United States District Court for the Eastern District of New York, against the Dime Savings Bank of Williamsburg (in equity 2668) alleging infringement of reissued letters patent No. 15,624, dated June 12, 1923, and also from filing or threatening to file other suits based on said reissued letters patent, or otherwise using said reissued letters patent as a means of unfair competition with the plaintiff, Leonard Erikson, until further order of this court."

Fourteen errors have been assigned. which may fairly be grouped into three classes: (1) That the District Court erred in taking jurisdiction of the cause in personam; (2) that the District Court erred in taking jurisdiction of the subject-matter of the suit; (3) that the defendant is being deprived of its property rights without due process of law, in violation of the federal Constitution. [1] The Frink Company, Inc., is a manufacturing corporation, a resident and citizen of the state of New York. It has no property in the district of Massachusetts. Jurisdiction of the cause is asserted by reason of service of process upon Fitts-Morse, Inc., said to be agents of the defendant in Massachusetts. Upon this phase of the case, two questions must be determined: (a) Was The Frink Company, Inc., present within the District of Massachusetts, doing business? (b) Was giving in hand to Fitts-Morse, Inc., a copy of the summons sufficient service upon the defendant?

From affidavits filed in the case it appears that Fitts-Morse, Inc., is a firm with office at 161 Summer street, Boston, acting as local sales agent for various foreign corporations, among which is the Frink Company, Inc., of New York; that the name of I. P. Frink, Inc., appears on the door of one of its offices at 161 Summer street; that it employs salesmen who solicit business in Massachusetts for the various concerns it represents, including the Frink Company, Inc.; that it solicits business in competition with the plaintiff, Erikson; that negotiations with respect to sales by the Frink Company, Inc., of its illuminating devices in and about Boston are carried on through the office of Fitts-Morse, Inc., and that on one occasion within a year Harold Morse, member of the firm and a salesman for Leonard Erikson, simultaneously demonstrated the respective devices manufactured by the plaintiff and the defendant, and that letters and letter heads signed by I. P. Frink, Inc., having printed thereon in red ink, "Boston Office, 161 Summer Street, Daniel Fitts and Harold Morse, N. E. Managers," were in use.

Further affidavits disclose that it is customary for manufacturing agents to place upon the door of their office and upon their windows the names of firms whom they represent; that it is also customary for such agents to cause the names of the firms whom they represent to be listed on the bulletin board of the building in which their offices are located, and to have the names of their foreign corporations listed in the telephone directory, and to use letter heads and envelopes bearing the manufacturers' names, with the address of the Boston office where the business is carried on; that the Frink Company, Inc., utilizes a number of such manufacturers' agents in cities throughout the United States, and advertises such agents as representing it in their respective cities; that the Frink Company, Inc., is located at 239 Tenth Avenue, New York City, and is engaged in interstate business; that it has no employees in Massachusetts; that it pays no one a salary therein; that it does not rent an office directly or indirectly in the city of Boston or state of Massachusetts, and that it carries no stock of goods in said state. The affidavits further show that the only representative the Frink Company, Inc., has in the State of Massachusetts is the firm of Fitts-Morse, Inc.; that said Fitts-Morse, Inc., is nothing more than a manufacturers' sales agency, soliciting orders for goods for

the Frink Company, Inc., carrying none of its stock, having no authority to accept orders, and that all expenses of listing the Frink Company's name upon its office at 161 Summer street, on the bulletin of the office building, and in the telephone directory, are borne entirely by Fitts-Morse, Inc. All orders taken by Fitts-Morse, Inc., are sent to New York for acceptance or rejection. All orders are filled from New York, and all remittances therefor are made by customers direct to the New York office. No books of account of the Frink Company, Inc., are kept in Boston, and its Boston agent is paid no salary, but receives as compensation a commission on all orders placed by it. It has no authority to collect or compromise bills for the defendant.

From this evidence it appears that the firm of Fitts-Morse, Inc., has authority only to solicit and transmit orders for the Frink Company, Inc., to its New York office. It is engaged on its own behalf in the business of manufacturers' sales agent, including among its customers the Frink Company, Inc. Upon these facts, can it be said that the defendant in this action was present in the district of Massachusetts, doing business, so that service of summons upon Fitts-Morse, Inc., is sufficient upon which to base a judgment in personam? If this question is answered in the affirmative, it will be necessary to consider other questions raised in the case; if answered in the negative, judgment of the District Court must be reversed.

It has been said that the manifest injustice which would ensue if a foreign corporation, permitted by a state to do business therein and to bring suits in its courts, could not be sued in those courts, and thus, while allowed the benefits, be exempt from the burdens, of the laws of the state, has induced many states to provide by statute that a foreign corporation making contracts within a state shall appoint an agent residing therein upon whom process may be served in actions upon such contracts.

Because of such statutes, the law with reference to foreign insurance companies appears to be fairly settled on a basis of retention of jurisdiction. They appear to constitute a class by themselves. Most states, if not all, require that foreign insurance companies obtain a license and appoint an agent upon whom service may be made as a prerequisite to doing business in the state. The following cases cited in the brief of plaintiff's counsel fall within the above-mentioned class and are not persuasive as authorities in the instant case: Lafayette Insurance Co. v.

French, 18 How. 404, 15 L. Ed. 451; Commercial Mutual Accident Co. v. Davis, 213 U. S. 245; 29 S. Ct. 445, 53 L. Ed. 782; Conn. Mutual Life Insurance Co. v. Spratley, 172 U. S. 602, 19 S. Ct. 308, 43 L. Ed. 569; Pennsylvania Lumbermen's Insurance Co. v. Meyer, 197 U. S. 407, 25 S. Ct. 483, 49 L. Ed. 810; Pennsylvania Fire Ins. Co. v. Gold Issue Mining Co., 243 U. S. 93, 37 S. Ct. 344, 61 L. Ed. 610.

Another class of cases in which jurisdiction has usually been retained are cases against railroads and transportation companies having offices for the solicitation of business in states, other than the state of their incorporation, wherein they neither own nor operate any line of railroad. Within this class may be mentioned the following cases cited in plaintiff's brief: Dennick v. Central R. R. of New Jersey, 103 U. S. 11, 26 L. Ed. 439; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964; Washington-Virginia Ry. Co. v. Real Estate Trust Co., 238 U. S. 185, 35 S. Ct. 818, 59 L. Ed. 1262; Walsh v. Atlantic Coast Line (D. C.) 256 F. 47; Reynolds v. Missouri, Kansas & Texas Ry. Co., 224 Mass. 379, 113 N. E. 413.

As said above, jurisdiction has been retained with fair unanimity in railroad cases, until the recent case of Davis, Director General, v. Farmers' Co-operative Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996, in which the Supreme Court, through Mr. Justice Brandeis, held that a Minnesota statute providing that any foreign corporation having an agent in that state for the solicitation of freight and passenger traffic, or either, over its lines outside of the state, may be served with summons by delivering a copy thereof to such agents, imposes upon interstate commerce a serious and unreasonable burden, which renders the statute obnoxious to the commerce clause of the federal Constitution. See, also, Peterson v. Chicago, Rock Island & Pacific Ry. Co., 205 U. S. 364, 27 S. Ct. 513, 51 L. Ed. 841; Green v. Chicago, Burlington & Quincy Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916; Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264; 37 S. Ct. 280, 61 L. Ed. 710; Graustein v. Rutland R. Co. (D. C.) 256 F. 409.

When cases other than those above mentioned are examined, there appears to be no such uniformity in the decisions, and each case appears to have been decided upon the particular state of facts therein. St. Clair v. Cox, 106 U. S. 350, 1 S. Ct. 354, 27 L. Ed. 222; Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; Conley

v. Mathieson Alkali Works, 190 U. S. 406, 23 S. Ct. 728, 47 L. Ed. 1113; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 S. Ct. 125, 54 L. Ed. 272; Herndon-Carter Co. v. Norris & Co., 224 U. S. 496, 32 S. Ct. 550, 56 L. Ed. 857; Rosenberg Bros. & Co., Inc., v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; American Electric Welding Co. v. Lalance & Grosjean Mfg. Co. (D. C.) 256 F. 34; International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479; People's Tobacco Co. v. Am. Tobacco Co., 246 U. S. 79, 87, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537.

From these cases we have tried, without success, to discover some salient circumstance or point common to all that might be held to be determinative of the instant case.

[2] The only general principle deduced from a study of the cases determined by the Supreme Court is that, in order to render a corporation amenable to service of process in a foreign jurisdiction, it must appear that the corporation is transacting business in that district to such an extent as to subject it to the jurisdiction and laws thereof, and that the court has decided each case of this character upon the facts brought before it, without laying down any all-embracing rule which may be applied to all cases.

[3] In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served. Bank of America v. Whitney Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594.

[4, 5] Jurisdiction of the federal courts is not created by and does not depend upon the statutes of the several states (Barrow Steamship Co. v. Kane, 170 U. S. 100, 111, 18 S. Ct. 526, 42 L. Ed. 964); the question is federal in its character, and cannot conclusively be controlled by any state statute purporting to determine what shall constitute presence or doing business in the state. While it is conceded that, if a corporation is within a district or state doing business, service upon its agents in compliance with a state law will generally be sufficient in the federal court (Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; Walsh v. Atlantic Coast Line Railroad Co. [D. C.] 256 F. 47), no state can by legislation determine what shall constitute presence of a foreign corporation with respect to matters not within the jurisdiction of the state or its courts. State courts have no jurisdiction over the subject-matter in the present action.

[6] If presence in a state or district is once determined, jurisdiction of the court is not limited to contracts made within the state, but extends to causes of action arising outside the state. Barrow Steamship Co. v. Kane, supra; Conn. Mutual Life Insurance Co. v. Spratley, supra; Pennsylvania Fire Insurance Co. v. Gold Issue Mining Co., supra. If the action is transitory, its source of origin is immaterial.

If neither character of business, extent of business, origin of the cause of action, nor state statutes are controlling, what, then, must be the test? There is no precise test of the nature or extent of the business that must be done. There must be drawn in each case a line of demarcation between jurisdiction and lack of jurisdiction.

If this were a case involving an ordinary commercial transaction having its origin in Massachusetts, a transaction fairly within the authority of Fitts-Morse, Inc., to negotiate, there would then be persuasive grounds for holding, upon the authority of International Harvester v. Kentucky, supra, that service on the defendant's agent was sufficient on which to base a judgment in personam.

But the agency of Fitts-Morse, Inc., had its limitations. It was a mere soliciting agent. Its authority was no greater than the authority of a traveling salesman sent out to solicit and take orders for a wholesale grocery house. It has never been contended that service upon such a traveling salesman was service upon his employer in any jurisdiction. In the case of Maverick Mills v. Davis, Director General (D. C.) 294 F. 404, Judge Morton says: "As to nonresidents of the state, and transactions originating and to be completed elsewhere, it is settled that a mere soliciting agency does not at common law bring the corporation within the state, so as to make it subject to suit there, and cannot be made to do so by any form of state statute." W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723, 35 S. Ct. 458, 59 L. Ed. 808, American Electric Welding Co. v. Lalance & Grosjean Mfg. Co. (D. C.) 256 F. 34. Fitts-Morse, Inc., did not represent the defendant in any corporate capacity. Its authority, therefore, to represent the defendant for the purpose of service of process, should be confined to suits involving the ordinary commercial transaction and other matters of a kindred character concerning which it may fairly be said to represent the Frink Company, Inc.

The instant action is not of this class. It is not even of a class cognizable by the courts of the commonwealth. Our attention has not been called to any case, and we have found none, wherein a mere sales agent, authorized to solicit and transmit orders, has been so far held to be the agent of a foreign corporation that service upon it is held to be sufficient service upon the corporation as to bind it in a judgment in personam in any corporate matter or matters not cognizable by the courts of ordinary state jurisdiction.

The Fitts-Morse Company, Inc., may be considered the Frink Company, Inc., with respect to such matters and things as come fairly within the general scope of its agency. But to hold that it was the agent of the defendant, a foreign corporation, and empowered to accept service, or upon whom service might be made, in a cause of action arising entirely without the district, so that a judgment might be rendered against it and its individual officers, none of whom are within the jurisdiction of the court, and involving personal matters which, if the order of the court were disobeyed, might result in imprisonment, is going beyond any case thus far cited, or to which our attention has been called. We are not prepared to so hold.

[7-10] A further reason appears why this action should be dismissed. The subject-matter of the suit—the validity of reissue patent No. 15,624—is distinct from the subject-matter of the prior suit of December 29, 1921, which was the validity of the original patent, No. 1,007,498. The decree in the prior suit adjudging the patent there involved invalid could not be pleaded as a bar to the New York suit based upon reissue patent No. 15,624; for a decision as to the validity or invalidity of the reissue patent requires a determination of other questions than the mere validity or invalidity of the original patent, No. 1,007.498. Penn Electrical & Mfg. Co. v. Conroy (C. C. A.) 185 F. 511, 514. This being so, the present plaintiff, at the time of bringing this suit, had not established, as against the plaintiff in the New York suit, that the article he was manufacturing and selling to the defendant in that suit was not an infringement of the reissue patent, or that that patent was invalid. As the decree in the prior suit would not work an estoppel, should the present plaintiff plead it in the New York suit, where he has intervened, so in this suit for an injunction it does not establish the plaintiff's trade right as against the reissue patent, as was the case in Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065, for there the patent sued upon in the original suit, as well as in the subsequent one which Kessler sought to enjoin, was the same, and the parties to both actions were the same. The reissue patent being presumptively valid (Cantrell v. Wallick, 117 U. S. 689, 6 S. Ct. 970, 29 L. Ed. 1017), its owner had the legal right to decide what infringers he would sue and where he would bring suit, without interference from the plaintiff, who has not established his right against the reissue patent. See Rubber Tire Co. v. Goodyear Co., 232 U. S. 413, 416, 418, 34 S. Ct. 403, 58 L. Ed. 663. Furthermore, it has not been made clearly to appear that the plaintiff cannot obtain full and complete relief in the New York suit, in the defense of which he has been permitted to appear, and, this being so, no injunction should have been granted restraining the prosecution of that suit. "It is the general rule, strongly fortified by both reason and authority, that one will not be restrained by injunction from proceeding with a pending suit in equity in the courts of another jurisdiction, either state or federal, except to prevent a manifest wrong or injustice, or, otherwise stated, unless it clearly appears that full and complete relief cannot be obtained in such pending suit." American Seeding Machine Co. v. Dowagiac Mfg. Co. (C. C. A.) 241 F. 875.

The decree of the District Court is vacated, and the case is remanded to that court, with directions to dissolve the injunction and dismiss the suit.