## MURPHY v. CAMPBELL SOUP CO. et al.
### No. 4231.

District Court, D. Massachusetts.
April 29, 1930.

Horatio N. Allin, of Boston, Mass., for plaintiff.

Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., for defendant Campbell Soup Co.

MORTON, District Judge.

This is an answer in abatement by the Campbell Soup Company, raising the question whether jurisdiction of it has been obtained in this proceeding. In the writ the Campbell Sales Company also appears as a defendant; and the Corporation Registration Company and Harry S. Young are named in it in terms which might perhaps be regarded as making them defendants. The Suffolk sheriff so construed it and served on Young as a defendant. The plaintiff, however, disclaims this construction of the writ, agreeing that neither Young nor the Corporation Registration Company was intended to be made a defendant, and that as to Young the action may be dismissed. The Corporation Registration Company was never served upon. Service against the soup company and the sales company was made by the sheriff on the commissioner of corporations. The declaration alleges no cause of action against the sales company, and for this reason the suit has been dismissed as to that defendant. It now stands against the soup company alone.

There is a claim by the plaintiff to a jury trial on the answer in abatement. Both parties, however, have submitted the matter for decision on ex parte affidavits. Under Wetmore v. Rymer, 169 U. S. 115, 18 S. Ct. 293, 42 L. Ed. 682, and Gilbert v. David, 235 U. S. 561, 35 S. Ct. 164, 59 L. Ed. 360, the manner in which such preliminary questions of jurisdiction shall be tried is left to the discretion of the trial judge. In the present case there are no questions of credibility between witnesses, and the basic facts appear not to be seriously in controversy. It is much better that issues of this character should be determined by the judge rather than by a jury, in order that there may be greater harmony of decisions which is especially desirable where questions of jurisdiction are involved. The issue will therefore be decided on the affidavits.

The following facts appear: The Campbell Soup Company is a New Jersey corporation with a principal place of business at Camden in that state, where it manufactures and sells canned soups. The sales company appears to be a subsidiary of the soup company; it is a New Jersey corporation having to a great extent the same officers as the soup company. The sales company has registered with the commissioner of corporations in Massachusetts and is authorized to do business here. The soup company has never done so. The defendant's affidavits state that Young is hired by the sales company under a written contract which is set out in full; that acting for the sales company he sells the defendant's goods throughout a large part of New England; and that he does not act in any capacity for the soup company. He takes written orders which are directed to the soup company in New Jersey and submitted to it there as offers to purchase; if accepted the goods are shipped f. o. b. Camden. The orders are on a printed form and read: "Campbell Soup Company. Enter our order for goods listed below on the following terms: F. O. B. factory." At the bottom of the order appears: "Order secured by Campbell Sales Company." The goods are billed by the soup company to its customers in other states and are paid for by the customers directly to the soup company. Affidavits are presented by the plaintiff from the purchasing agents of S. S. Pierce Company and of the First National Stores that they bought Campbell soups through Young; that their orders went direct to the soup company; that the shipments came from the soup company; that payments were made to

the soup company; and that they did not know of the sales company.

The plaintiff contends that this course of business by the defendant warrants the inference that it "is engaged in or soliciting business in the commonwealth" (General Laws, c. 223, § 38), and consequently that the service of the writ upon the Commissioner of Corporations established jurisdiction of the defendant. Two questions are presented: (1) Whether Young's activities here amounted to a solicitation of business by the defendant; (2) whether it is constitutional for Massachusetts to condition the solicitation of commercial business within its borders by a foreign corporation on the requirement that the corporation shall become amenable to suit in the Massachusetts courts. As to (1), while Young appears to have been employed and paid by the sales company, his activities here appear to have been strictly on behalf of the defendant. The offers which he received were addressed to the defendant and apparently sent directly to it. (See affidavit of Lippincott, defendant's secretary.) It dealt directly with the customers so obtained, shipped goods to them, sent bills to them, and received payment from them. The sales company appears to have been a general selling agent of the defendant; and Young, appointed by it, appears to have been a subagent, representing the defendant in his endeavors to secure orders. See Union Pacific Company v. Novak, 61 F. 573 (C. C. A. 9th). It follows that the defendant was soliciting business within the commonwealth.

As to (2), the statute in question has been upheld as to ordinary commercial transactions having their origin in Massachusetts and fairly within the authority of the soliciting agent to negotiate. Frink Co. v. Erikson (C. C. A.) 20 F.(2d) 707, at page 711. See too, Haskell v. Aluminum Company (D. C.) 14 F.(2d) 864, Brewster, J.; and Maverick Mills v. Davis (D. C.) 294 F. 404, Morton, J., approved in Frink Co. v. Erikson, supra, 20 F.(2d) at page 711. The present case falls within these decisions.

The service of the writ on the commissioner of corporations was not effective. The applicable statute is not chapter 181, § 3A, as added by St. 1928, c. 98, but chapter 223, § 37; and service should have been made upon the agent of the defendant, instead of on the commissioner of corporations. It may be, as the plaintiff contends, that the service upon Young was intended to be made upon him, not in his personal capacity, but as agent in charge of the defendant's business here; but the officer's return which for present purposes is decisive does not so state the matter. The plaintiff has moved for a special order of notice to be served upon Young as agent. The defendant contends that there is no authority to issue an order of notice in a removed case where jurisdiction of the defendant has not been established. In the state court such an order would have been issued as of course; and I have no doubt that this court has equal power to take steps necessary to obtain jurisdiction of a defendant for the purpose of the suit. Mims v. Reid, 275 F. 177 (C. C. A. 4th).

Answer in abatement adjudged bad in so far as it denies jurisdiction of the defendant; adjudged good in so far as it denies due service of the writ upon the defendant.